David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T: 949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff ICON INTERNET MEDIA, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ICON INTERNET MEDIA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DAVE JOHNSON, an individual; TRISHA JOHNSON, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff ICON INTERNET MEDIA, INC. ("ICON"), to allege against Defendants DAVE JOHNSON, TRISHA JOHNSON and DOES 1 through 10 (hereafter collectively "Defendants"), as follows:

## THE PARTIES

1. At all times relevant to this matter, Plaintiff ICON is and was a California corporation with its principal place of business in the County of Orange, State of California.

2. At all times relevant to this matter, Defendant DAVE JOHNSON ("DAVE") is and was an individual domiciled in the County of Orange, State of California.

3.      At all times relevant to this matter, Defendant TRISHA JOHNSON ("TRISHA") is and was an individual domiciled in the County of Orange, State of California.

4.      The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff ICON who therefore sues these Defendants by their fictitious names. Plaintiff ICON will amend this Complaint to show the true names and capacities of DOES when such has been ascertained.  Each of the DOE Defendants is responsible in some manner for the conduct alleged herein.  Also, it is alleged that each of the Defendants acted under the authority and/or as the agent of each of the other Defendants.

5.      Plaintiff ICON is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, including those identified as DOE Defendants, were the agents, servants, employees, joint venturers, partners, subsidiaries, and/or co-conspirators of each other Defendants, and that, in performing or failing to perform the acts herein alleged, each were acting individually as well as through and in the foregoing alleged capacity and within the course and scope of such agency, employment, joint venture, partnership, subsidiary, and/or conspiracy, and each other of the Defendants ratified and affirmed the acts and omissions of the other Defendants.  Plaintiff ICON is further informed and believes that the Defendants, in taking the actions alleged herein and/or ratifying the actions alleged herein, acted within the course and scope of such authority and, at the same time, for their own financial and individual advantage, as well as in the course and scope of such employment, agency, and as an alter-ego therein.

## **RELEVANT NON-PARTIES**

6.      Non-Party SCOTT JOHNSON ("SCOTT") serves as the President/Chief Executive Officer of Plaintiff ICON.

7.      Non-Party CHRISSY JOHNSON ("CHRISSY") is SCOTT's wife and serves to aid SCOTT in operating Plaintiff ICON.

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MacARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

## JURISDICTION AND VENUE

8.      This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Trademark Act of 1946, 15 USC § 1051, *et seq.*, conferring Federal Question Jurisdiction under 28 U.S.C. § 1331, and Supplemental Jurisdiction on Plaintiff ICON's state law claims under 28 U.S.C. § 1367.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiff ICON's claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District; (d) the written agreements/contracts as identified and described more thoroughly below were entered into by the respective parties in this District; (e) the written agreements/contracts as identified and described more thoroughly below conferred jurisdiction in this District; and (f) Plaintiff ICON, a resident of this District, has been and will continue to be damaged by Defendants' unlawful acts.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.      PLAINTIFF ICON'S INTELLECTUAL PROPERTY RIGHTS

10.     Plaintiff ICON was formed by Non-Party SCOTT and Defendant DAVE on or about October 9, 1996.

11.     Plaintiff ICON specializes in marketing for the automotive aftermarket industry.

12.     Plaintiff ICON has established itself as a market leader in this industry through its exclusive use of Plaintiff ICON's developed and owned proprietary intellectual property: the iConfigurator.

13.     The iConfigurator is the only visualization software that caters to every vehicle in the automotive industry.

14.     By enabling dealers to interface with the iConfigurator, Plaintiff ICON can provide for automotive dealers offering wheel quoting and online sales the ability to allow their customers to utilize a visualization tool that allows the customer to see what the vehicle and aftermarket wheels will look like together, in one seamless online experience.

15.     Essentially, the iConfigurator is a business to business tool that gives wheel and tire dealers the ability to show their customers which wheels and accessories are available for their vehicle and what the upgrades will realistically look like.

16.     Through its ownership of the iConfigurator, Plaintiff ICON has been able to establish lucrative business associations in the automotive industry, including, but not limited to, partnerships with Tate Boys Tire & Service, Robert Thibert, Inc., Resellers ARI, and Net Driven.

17.     Plaintiff ICON's iConfigurator software maintains a network which contains over five thousand (5,000) models of vehicles ranging in year from 1915 to the present, over three hundred (300) after-market wheel brands, over sixty (60) tire manufacturers, and a full selection of accessories, bumpers, grilles, side steps, and light bars, as well as the ability to upload a picture of the customers own vehicle, look up a vehicle, exclude vehicles, and customize wheels.

18.     Further, Plaintiff ICON developed and owns wheel customization software or the "Wheel Builder," which allows a user to customize a wheel finish.

19.     Finally, Plaintiff ICON offers a three hundred sixty degree (360°) video software which gives the user an in-depth level of exploring their potential wheel purchase by allowing the controller to rotate the wheel at the user's discretion by utilizing a computer mouse.

20.     Plaintiff ICON developed and/or owns the right to use the software and source code for the iConfigurator, the "Wheel Builder," and the three hundred sixty-degree (360) video software (hereafter collectively the "ICON COPYRIGHTS").

21.     Plaintiff ICON is the author and owner of much more software and copyrightable material related to its entire line of products available, however, the foregoing are just the ones that Plaintiff ICON knows have been unlawfully obtained and used by Defendants.

22.     It is possible and likely, that Defendants have misappropriated many more pieces of copyrightable material, which Plaintiff ICON will allege once discovered.

23.     Plaintiff ICON has complied in all respects with the Copyright Act of 1976, 17 USC §§ 101, et seq. and all other laws governing copyrights as to the ICON COPYRIGHTS.

24.     Since the subject ICON COPYRIGHTS were created, Plaintiff ICON has been, and still is, the sole author and exclusive holder of all rights, title, and interest in and to the copyrights to the ICON COPYRIGHTS.

25.     Plaintiff ICON has not granted any license or right to any person or entity to use the ICON COPYRIGHTS except solely for partnership with Plaintiff ICON.

26.     The ICON COPYRIGHTS are vital to Plaintiff ICON's ongoing business and more specifically, Plaintiff ICON's efforts to secure work from current and potential customers.

27.     Additionally, Plaintiff ICON owns all rights, title, and interest in the "iCONFIGURATOR," and "ICONFIGURATORS" word and stylized trademarks (hereafter collectively the "ICON TRADEMARKS").

28.     As a result of the extensive, exclusive, and continued use of the ICON TRADEMARKS in connection with the promotion and sale of its products and services consumers have come to recognize and identify the ICON TRADEMARKS as representative of exclusive, high quality software products and services for the automotive aftermarket industry sold by Plaintiff ICON.

29.     The ICON TRADEMARKS have become valuable asset of Plaintiff ICON as well as a symbol of its goodwill and positive reputation.

30.     In addition to the aforementioned intellectual property, Plaintiff ICON is the owner of certain proprietary information and knowledge it considers trade secrets including but not limited to: data, drawings, models, apparatus, sketches, designs, schedules, product plans, pricing and cost information, marketing plans, revenue forecasts, technical procedures, manufacturing processes, analyses, testing results, compilations, studies, prototypes, and samples associated with Plaintiff ICON's business and documents and records containing such information.

31.     Specifically, but without limitation, Plaintiff ICON's trade secrets include the knowledge, know-how, and methodologies, which concern the development, production,

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

manufacturing, and use of the customized ICON COPYRIGHTS ("ICON TRADE SECRETS").

32.    Plaintiff ICON securely stores it proprietary files, including the ICON TRADE SECRETS, at its place of business, 5140 East La Palma Avenue, Anaheim Hills, California 92807.

33.    The ICON COPYRIGHTS, ICON TRADEMARKS, and ICON TRADE SECRETS may be collectively referred to as the "ICON INTELLECTUAL PROPERTIES" herein.

### B.    DEFENDANTS' MALICIOUS CONDUCT

34.    On or about May 24, 2019, Defendant DAVE resigned his position as Chief Executive Officer and President of Plaintiff ICON, nevertheless, maintaining his ownership interest as shareholder in Plaintiff ICON and attempting to induce Non-Party SCOTT to purchase his ownership interest in exchange for being released from any known or unknown liability.

35.    Plaintiff ICON, through its new Chief Executive Officer and President, Non-Party SCOTT, accepted Defendant DAVE's resignation, on or about May 31, 2019.

36.    At this time Plaintiff ICON demanded that Defendant DAVE return all Plaintiff ICON property in his possession, including, but not limited to, all keys, logins, passwords, and copies of ICON INTELLECTUAL PROPERTIES.

37.    Defendant DAVE failed to comply with this request, instead, later, using his access to continue to harm and misappropriate Plaintiff ICON's property.

38.    On or about May 27, 2019, Defendant TRISHA, wife of Defendant DAVE and an employee of Plaintiff ICON, terminated her employment with Plaintiff ICON.

39.    Shortly after their respective disassociations from Plaintiff ICON, Defendants began a systemic and escalating course of malicious conduct directed at harming Plaintiff ICON, which started with Defendants contacting and soliciting Plaintiff ICON's customers and business partners.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

40.     During these communications, Defendants falsely represented to Plaintiff ICON's customers that Defendants, and not Plaintiff ICON, were the owners of the ICON INTELLECTUAL PROPERTIES.

41.     Defendants then induced the customers, by means of this misrepresentation regarding ownership of ICON INTELLECTUAL PROPERTIES, to cease doing business with Plaintiff ICON and begin doing business with Defendants, who are currently making unlawful use of the ICON INTELLECTUAL PROPERTIES.

42.     Additionally, during this same period of time, an accounting, performed by Plaintiff ICON of recent company activity while under the control of Defendant DAVE prior to his departure, revealed large payments made to accounts controlled by both Defendant DAVE and Defendant TRISHA.

43.     The accounting also showed several checks amounting to over ten thousand dollars ($10,000 USD) were cashed to cover a loan alleged to have been made by Defendant TRISHA to Plaintiff ICON, however, the accounting also reveals there does not exist a single receipt showing the funds were in fact expended on Plaintiff ICON.

44.     Further, the accounting revealed Defendants directed Plaintiff ICON's funds to pay eight thousand four hundred dollars ($8,400 USD) to a credit card in Defendant DAVE's father's name, known to be used by Defendant DAVE for personal casino trips to Palm Desert.

45.     Finally, just after to tendering his resignation, the accounting revealed that Defendant DAVE made a check out to himself for eleven thousand two hundred fifty-six dollars and sixty-six cents ($11,256.66), which he labeled in the records "vacation pay".

46.     Non-Party SCOTT and Defendant DAVE, as the only officers of Plaintiff ICON had never taken any vacation pay from the company, this was the only and first time any such notation was listed in company records, and, more importantly, was made by Defendant DAVE six (6) days after he tendered his resignation and had no authority to authorize any payments to anyone, let alone himself.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

**COMPLAINT FOR DAMAGES**

47.    Shortly thereafter, Defendants began making demands for inspection of corporate books and records of Plaintiff ICON.

48.    Plaintiff ICON is informed, believes, and thereon alleges that these demands for inspection were directed at Plaintiff ICON as a means of harassment and distraction in an effort to exert leverage over Plaintiff ICON in the hope of pressuring Plaintiff ICON into acquiescing to Defendant DAVE's demands that he be bought out in exchange for a full release of liability, prior to Plaintiff ICON discovering the sums of money converted by Defendant DAVE.

49.    After these efforts failed, Defendants resorted to malicious "self-help" in order to attempt to get what they wanted.

50.    On or about July 28, 2019, Plaintiff ICON was alerted to an alarm going off at its offices.

51.    Non-Party SCOTT used his mobile phone application to access the security camera system to observe the cause of the trespass where he saw Defendants on the premises, attempting to use Defendant DAVE's security code (changed after his resignation) to freely access the building.

52.    Additionally, during this unauthorized trespass, Defendants brought with them a locksmith, whom they directed, without authorization, to change all the locks on the building.

53.    When Non-Party SCOTT arrived, Defendant DAVE attempted to block his entrance and at some point in time soon after the police arrived at the scene.

54.    Soon thereafter, Non-Party CHRISSY arrived at the scene.

55.    However, the police, informing Plaintiff ICON they believed the matter to be a civil one, ignored Defendants' trespassing and vacated.

56.    After the police left, Defendants entered Plaintiff ICON's accounting office, where they began to rummage through files and photograph Plaintiff ICON's proprietary files including, but not limited to, ICON TRADE SECRETS.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

57.    Non-Party CHRISSY went to the accounting office to observe Defendants' activities, at this time, Defendant DAVE became overtly physically hostile with Non-Party CHRISSY, raising his fist to her face, shouting obscenities, and dangling the new office keys over Non-Party CHRISSY's head, taunting her.

58.    At this time, Non-Party SCOTT, again, called the police and, upon their arrival, Non-Party SCOTT presented for them evidence of Defendants' non-association with Plaintiff ICON and demanded they be treated as trespassers, however, again, the police informed Plaintiff ICON they believed this to be a civil matter; allowing Defendants' to trespass, change Plaintiff ICON's locks, and steal property.

59.    Having expunged all other available options and understanding, unlike Defendants, that resorting to "self-help" for perceived legal violations is not a proper means to remedy such issues, Plaintiff ICON merely continued to observe and witness Defendants' wrongdoing.

60.    The next day, on or about July 29, 2019, having had the locks forcibly changed by Defendants, Non-Party Scott was escorted into Plaintiff ICON's own place of business by the property manager.

61.    At this time, Plaintiff ICON, itself, changed the locks, preventing Defendants from once again entering illegally.

62.    Prevented now from physically interfering with and stealing Plaintiff ICON's property as means of putting Plaintiff ICON out of business, Defendants trespassed digitally.

63.    On or about August 8, 2019, Defendants, utilizing login and password information Defendant DAVE refused to turn over upon his resignation, took control of Plaintiff ICON's network located at the domain name: www.iconfigurators.com (the "NETWORK").

64.    The NETWORK is indispensable and invaluable to Plaintiff ICON's business operations and without it caused Plaintiff ICON significant financial harm.

65.   Through the NETWORK, Plaintiff ICON's customers interface with ICON COPYRIGHTS (i.e. the iConfigurator itself), thus, without this being operational, Plaintiff ICON was unable to provide contracted for services as it had been effectively dispossessed of ICON INTELLECTUAL PROPERTIES.

66.   This second attempt at crippling Plaintiff ICON's operations resulted in significant loss of business, goodwill, and expenses in attempting to mitigate damages.

67.   Presently, Defendants remain in possession of the NETWORK and, thus, continue to deprive and illegally make use of Plaintiff ICON's property.

## FIRST CAUSE OF ACTION

### FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101, *et seq*.

### (By Plaintiff ICON Against All Defendants)

68.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 67, inclusive, and incorporates them by reference herein.

69.   By means of the actions complained of herein, Defendants have infringed and will continue to infringe Plaintiff ICON's copyright in and relating to the ICON COPYRIGHTS by exploiting such ICON COPYRIGHTS in connection with the unauthorized solicitation and sale of competitive products as herein alleged.

70.   Plaintiff ICON is entitled to an injunction restraining Defendants, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

71.   Plaintiff ICON is further entitled to recover from Defendants, and each of them, the damages Plaintiff ICON has sustained, and will sustain, as a result of Defendants' wrongful acts as hereinabove alleged.

72.   The amount of such damages will be proved at the time of trial.

73.   Plaintiff ICON is further entitled to recover from Defendants, and each of them, the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts as hereinabove alleged.

**COMPLAINT FOR DAMAGES**

74.     Plaintiff ICON is at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement.

75.     Further, to the extent that any of Defendants' acts constituting copyright infringement occurred subsequent to issuance of Plaintiff ICON's copyright registrations, Plaintiff ICON is entitled to statutory damages and attorneys' fees.

76.     Plaintiff ICON is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.,* for Defendants' willful and continued infringement.

## SECOND CAUSE OF ACTION

## FOR FEDERAL TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. § 1125

### (By Plaintiff ICON Against All Defendants)

77.     Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 76, inclusive, and incorporates them by reference herein.

78.     As herein alleged, Defendants' unauthorized use of the ICON TRADEMARKS in connection with their purported offering for sale and selling of exact or substantially similar products constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' use suggests a false designation of the origin of the goods that they are purporting to sell.

79.     As a direct and legal result Defendants' unauthorized use of the ICON TRADEMARKS, Defendants have damaged and will continue to damage Plaintiff ICON and Plaintiff ICON's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff ICON.

80.     Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff ICON and to the public, who is confused by Defendants' unauthorized use of the ICON TRADEMARKS, unless restrained and enjoined by this Court.

81.     Plaintiff ICON has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff ICON.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

82.     As a further direct and legal result of Defendants' actions, Plaintiff ICON has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff ICON's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

83.     In addition, Plaintiff ICON is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

84.     Plaintiff ICON is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## THIRD CAUSE OF ACTION

## FOR TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

### (By Plaintiff ICON Against All Defendants)

85.     Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 84, inclusive, and incorporates them by reference herein.

86.     Plaintiff ICON is in the business of providing software and computer/mobile applications for the automotive aftermarket industry.

87.     Defendants are direct competitors of Plaintiff ICON in the same industry.

88.     A valid contract existed between Plaintiff ICON and multiple third-party entities and individuals relating to Plaintiff ICON's performance in the automotive aftermarket industry.

89.     Plaintiff ICON is informed, believes, and thereon alleges that by virtue of their former positions with Plaintiff ICON, Defendants knew valid contracts existed between Plaintiff ICON, on the one hand, and multiple third-party entities, as well as individuals, on the other hand, relating to Plaintiff ICON's performance in the automotive aftermarket industry.

90.     Plaintiff ICON is informed, believes, and thereon alleges that Defendants intentionally engaged in unlawful conduct, as hereinabove alleged, which was designed to not only induce the third-parties to breach those contracts and/or otherwise act in a way

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

rendering performance impossible, but also, disrupt Plaintiff ICON's economic benefit and stifle competition by Plaintiff ICON.

91.     As a direct and proximate result of Defendants' tortious acts of interference, Plaintiff ICON has suffered damages in an amount to be proved at trial.

92.     Plaintiff ICON is informed, believes, and thereon alleges that unless Defendants are restrained by an order of this Court, it will be necessary for Plaintiff ICON to commence many successive actions against Defendants to secure compensation for damages sustained and prevent irreparable harm for which there exists no legal remedy, thus, requiring a multiplicity of suits.

93.     Further, Defendants, in engaging in the aforementioned acts, acted despicably and are guilty of malice and oppression in that they deliberately intended to systematically and methodically injure Plaintiff ICON and acted in conscious disregard for Plaintiff ICON's rights. Plaintiff ICON is therefore entitled to punitive and exemplary damages against Defendants, in an amount to be proven at the time of trial in order to set an example of such parties and to deter Defendants from engaging in such conduct in the future against others similarly situated.

## FOURTH CAUSE OF ACTION
### FOR TORTIOUS INTERFERENCE WITH
### PROSPECTIVE CONTRACTUAL RELATIONS
#### (By Plaintiff ICON Against All Defendants)

94.     Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 93, inclusive, and incorporates them by reference herein.

95.     Plaintiff ICON is in the business of providing software and computer/mobile applications for the automotive aftermarket industry.

96.     Defendants are direct competitors of Plaintiff ICON in the same industry.

97.     There existed an economic relationship between Plaintiff ICON and third-party entities and individuals previously having made use of Plaintiff ICON's products and services, with a reasonable probability Plaintiff ICON and the third-parties would have

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

entered into a contractual relationship of substantial future economic benefit to Plaintiff ICON.

98.    Plaintiff ICON is informed, believes, and thereon alleges that Defendants, by engaging in the independently unlawful conduct, as hereinabove alleged, wrongfully prevented the above contractual relationship from developing.

99.    Additionally, Plaintiff ICON is informed, believes, and thereon alleges that Defendants engaged in the independently unlawful conduct, as herein above alleged, with the intention of preventing the contractual relationship from developing.

100.   As a direct and proximate result of Defendants' tortious acts of interference, Plaintiff ICON has suffered damages in an amount to be proved at trial.

101.   Plaintiff ICON is informed, believes, and thereon alleges that unless Defendants are restrained by an order of this Court, it will be necessary for Plaintiff ICON to commence many successive actions against Defendants to secure compensation for damages sustained and prevent irreparable harm for which there exists no legal remedy, thus, requiring a multiplicity of suits.

102.   Further, Defendants, in engaging in the aforementioned acts, acted despicably and are guilty of malice and oppression in that they deliberately intended to systematically and methodically injure Plaintiff ICON and acted in conscious disregard for Plaintiff ICON's rights. Plaintiff ICON is therefore entitled to punitive and exemplary damages against Defendants, in an amount to be proven at the time of trial in order to set an example of such parties and to deter Defendants from engaging in such conduct in the future against others similarly situated.

## FIFTH CAUSE OF ACTION
## FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (By Plaintiff ICON Against All Defendants)

103.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 102, inclusive, and incorporates them by reference herein.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East
Newport Beach, California 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

104. Plaintiff ICON is in the business of providing software and computer/mobile applications for the automotive aftermarket industry.

105. Defendants are direct competitors of Plaintiff ICON in the same industry.

106. There existed a business relationship between Plaintiff ICON and third-party entities and individuals Plaintiff ICON, with the likelihood of future economic benefit to Plaintiff ICON.

107. Plaintiff ICON is informed, believes, and thereon alleges that by virtue of their former positions with Plaintiff ICON, Defendants knew there existed a relationship between Plaintiff ICON, on the one hand, and third-parties, on the other hand, with the likelihood of future economic benefit to Plaintiff ICON.

108. Plaintiff ICON is informed, believes, and thereon alleges that Defendants, by engaging in the independently unlawful conduct, as herein above alleged, wrongfully disrupted the business relationship.

109. Additionally, Plaintiff ICON is informed, believes, and thereon alleges the Defendants engaged in the independently unlawful conduct, as hereinabove alleged, with the intention of disrupting the business relationship.

110. As a direct and proximate result of Defendants' use of Plaintiff ICON's identity, name, and/or likeness, Plaintiff ICON has suffered damages in an amount to be proved at trial.

111. Plaintiff ICON is informed, believes, and thereon alleges that unless Defendants are restrained by an order of this Court, it will be necessary for Plaintiff ICON to commence many successive actions against Defendants to secure compensation for damages sustained and prevent irreparable harm for which there exists no legal remedy, thus, requiring a multiplicity of suits.

112. Further, Defendants, in engaging in the aforementioned acts, acted despicably and are guilty of malice and oppression in that they deliberately intended to systematically and methodically injure Plaintiff ICON and acted in conscious disregard for Plaintiff ICON's rights. Plaintiff ICON is therefore entitled to punitive and exemplary damages against

Defendants, in an amount to be proven at the time of trial in order to set an example of such parties and to deter Defendants from engaging in such conduct in the future against others similarly situated.

## SIXTH CAUSE OF ACTION

### FOR CIVIL CONSPIRACY

### (By Plaintiff ICON Against All Defendants)

113.   Plaintiff ICON reallege each and every allegation set forth in Paragraphs 1 through 112, inclusive, and incorporates them by reference herein.

114.   At least as early as May 31, 2019, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to engage in the acts herein alleged to steal and interfere with Plaintiff ICON's relationships with customers and, in particular, to utilize the ICON INTELLECTUAL PROPERTIES, to steal customers from Plaintiff ICON.

115.   Defendants, and each of them, engaged in the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement and fraudulent conduct alleged herein.

116.   Defendants, and each of them, furthered the conspiracy by cooperation with, lent aid and encouragement to, ratified and/or adopted the acts of each other, which acts, in summary, include, the scheme to unfairly deprive Plaintiff ICON of the value of the ICON INTELLECTUAL PROPERTIES, by misappropriating the ICON INTELLECTUAL PROPERTIES, with such acts continuing to this day by each Defendants individually, and as an agent and/or employee of the other Defendants as herein alleged.

117.   Defendants' on-going conspiracy has resulted in damage to Plaintiff ICON in an amount to be proven at trial.

118.   As a result of Defendants' on-going conspiracy, Plaintiff ICON has suffered immediate and irreparable harm, and will continue to suffer irreparable harm until this Court enjoins Defendants' actions.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

119.   The aforementioned unlawful conduct demonstrates that Defendants acted oppressively and with malice within the meaning of Cal. Civ. Code § 3294, entitling Plaintiff ICON to punitive or exemplary damages in an amount sufficient to punish Defendants and to make an example of each to the community such that they will not engaged in such conduct in the future.

**SEVENTH CAUSE OF ACTION**

**FOR TRADE SECRET MISAPPROPRIATION**

**CALIFORNIA CIVIL CODE §§ 3426, *et seq*.**

**(By Plaintiff ICON Against All Defendants)**

120.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 119, inclusive, and incorporates them by reference herein.

121.   Upon information and belief, Plaintiff ICON alleges that in an effort to unfairly compete with Plaintiff ICON, Defendants misappropriated and utilized proprietary information and knowledge, including but not limited to: data, drawings, models, apparatus, sketches, designs, schedules, product plans, marketing plans, pricing and cost information, revenue forecasts, technical procedures, manufacturing processes, analyses, testing results, compilations, studies, prototypes, samples, associated with Plaintiff ICON's business and documents and records containing such information.

122.   Plaintiff ICON securely stores it proprietary files, including ICON TRADE SECRETS.

123.   ICON TRADE SECRETS are comprised of information not generally known to the public or to other persons who can derive economic value from their use including Defendants.

124.   As such, the ICON TRADE SECRETS, to the extent not solely proprietary, confidential information, constitute "trade secrets" under California's Uniform Trade Secrets Act, California Civil Code sections 3426, *et. seq.*

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

125.   Plaintiff ICON has taken, and continues to take, reasonable steps to protect the secrecy of its trade secrets and other confidential information, including restricting access to the information.

126.   Defendants have assisted and/or actively participated in the actual or threatened misappropriation of Plaintiff ICON's trade secrets by, without limitation, (a) on information and belief, using and/or disclosing Plaintiff ICON's proprietary documents, know-how, and/or information to others, including each other co-Defendants, without Plaintiff ICON's consent; (b) soliciting and/or supplying Plaintiff ICON's vendors and/or customers with products and services with respect to Plaintiff ICON's products and services in an attempt to steal business opportunities away from Plaintiff ICON utilizing the proprietary documents, know-how, and/or information; and (c) by refusing to return the proprietary documents, know-how, and/or information to Plaintiff ICON and continuing to exercise dominion over them without authorization from Plaintiff ICON.

127.   Defendants knew or should have known that the ICON TRADE SECRETS were acquired under circumstances giving rise to a duty to maintain their secrecy.

128.   Defendants' misappropriation of Plaintiff ICON's proprietary documents, know-how, and/or information which constitute Plaintiff ICON's trade secrets, including actual and threatened use and disclosure, and solicitation and/or supply of Plaintiff ICON's customers, is a wrongful act in violation of California Civil Code § 3426.

129.   Defendants' actions have resulted in damage to Plaintiff ICON in an amount to be proven at trial.

130.   As a result of Defendants' conduct, Plaintiff ICON already has suffered immediate and irreparable harm, and will continue to suffer irreparable harm until this Court enjoins their actions.

131.   In misappropriating Plaintiff ICON's trade secrets as described herein, Defendants acted with a conscious disregard for Plaintiff ICON's rights, and are guilty of oppression, fraud, and malice as those terms are defined in California Civil Code § 3294.  Accordingly,

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East
Newport Beach, California 92660

Plaintiff ICON is entitled to recover exemplary and punitive damages in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

### FOR BREACH OF FIDUCIARY DUTIES

### (By Plaintiff ICON Against Defendant DAVE)

132.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 131, inclusive, and incorporates them by reference herein.

133.   Pursuant to California Corporations Code and well-established case law, Defendant DAVE owed fiduciary duties, including a duty of loyalty and a duty of care to Plaintiff ICON, including within the duty of loyalty is a duty to refrain from self-dealing and a duty not to compete with Plaintiff ICON.

134.   Defendant DAVE's breach of his respective fiduciary duties have caused great harm and damage to Plaintiff ICON as Defendant DAVE: (1) usurped corporate opportunities, (2) brokered those corporate opportunities to and in favor of Co-Defendants; and (3) placed his interests in conflict with the interests of Plaintiff ICON.

135.   Plaintiff ICON is entitled to damages according to proof, pre-judgment interest, an order that Defendant DAVE be ordered to return any and all Plaintiff ICON property to Plaintiff ICON, cease use of Plaintiff ICON proprietary information, costs of suit, and such further relief as the Court may deem appropriate.

### NINTH CAUSE OF ACTION

### FOR CONVERSION

### (By Plaintiff ICON Against All Defendants)

136.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 135, inclusive, and incorporates them by reference herein.

137.   As alleged herein, Defendants unlawfully converted for their own use Plaintiff ICON's property through the unjustified assertion of ownership over Plaintiff ICON's funds, exercising dominion over said funds.

138.   Further, Defendants unlawfully converted for their own use Plaintiff ICON's

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

property by exercising dominion over Plaintiff ICON's NETWORK and confidential files.

139.   Defendants are not entitled to retain any interest in property belonging to Plaintiff ICON.

140.   As a direct and proximate result of Defendants' conversion of the property belonging to Plaintiff ICON, Plaintiff ICON has been, and will be, damaged in a specific sum certain, identifiable by calculation of the sums of the collected improperly diverted Plaintiff ICON funds and to be determined according to proof at trial.

141.   In addition, Defendants, in engaging in the aforementioned acts, acted despicably and are guilty of malice and oppression in that they deliberately intended to systematically and methodically injure Plaintiff ICON and acted in conscious disregard of Plaintiff ICON's rights. Plaintiff ICON is therefore entitled to punitive and exemplary damages against the Defendants, in amount to be proven at the time of trial in order set an example of such parties and to deter Defendants from engaging in such conduct in the future against others similarly situated.

## <u>TENTH CAUSE OF ACTION</u>

### FOR VIOLATION OF CALIFORNIA PENAL CODE § 496

### (By Plaintiff ICON Against All Defendants)

142.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 141, inclusive, and incorporates them by reference herein.

143.   As alleged herein, at all relevant times to this Complaint, Defendants violated California Penal Code § 496 by obtaining property belonging to Plaintiff ICON by theft and knowingly withholding the property from Plaintiff ICON or by aiding in obtaining and knowingly withholding said property.

144.   Plaintiff ICON has been injured by Defendants' violation of California Penal Code § 496.

145.   Pursuant to California Penal Code § 496, Plaintiff ICON is entitled to three (3) times the amount of its actual damages, an amount to be proven at trial, costs of suit, and its reasonable attorneys' fees for prosecuting this action.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

## ELEVENTH CAUSE OF ACTION

### FOR VIOLATION OF CALIFORNIA PENAL CODE § 502

### (By Plaintiff ICON Against All Defendants)

146.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 145, inclusive, and incorporates them by reference herein.

147.   In taking the actions alleged above, Defendants violated California Penal Code section 502(c), which states that any person who commits any of the following acts is guilty of a public offense: "(1) knowingly accesses without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, (B) wrongfully control or obtain money, property, or data. (2) Knowingly accesses without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network".

148.   California Penal Code § 502(e)(1) provides that in addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief.

149.   Plaintiff ICON has been injured by Defendants' violation of California Penal Code § 502(c) in an amount to be proven at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

## TWELFTH CAUSE OF ACTION

### FOR VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE

### §§ 17200, *et seq.*

### (By Plaintiff ICON Against All Defendants)

150.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 149, inclusive, and incorporate them by reference herein.

151.   Defendants as alleged herein have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.  The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

Unlawful:   Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to, that they constitute: (1) the infringement of Plaintiff TIVOLI's copyright and trademark rights; (2) the misappropriation and conversion of funds; and (3) the formation of an unlawful civil conspiracy to interfere with Plaintiff ICON's relationships with customers.

Unfair:   Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another.  Plaintiff ICON's injuries resulting from the above-described conduct, in particular the misappropriation and use of the ICON INTELLECTUAL PROPERTIES is substantial; the injury is not outweighed by any offsetting consumer or competitive benefits of that practice.  As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

152.   Plaintiff ICON is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

153.   The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff ICON.  Plaintiff ICON has no adequate remedy at law for the injuries that have been or will continue to be sustained.

154.   Plaintiff ICON has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

## THIRTEENTH CAUSE OF ACTION

### FOR VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *et seq.*

### (By Plaintiff ICON Against All Defendants)

155.   Plaintiff ICON realleges each and every allegation set forth in Paragraphs 1 through 154, inclusive, and incorporates them by reference herein.

156.   The actions of Defendants herein alleged are unfair and unlawful, and also violate California Business and Professions Code §§17500, *et seq.*

157.   As a result of the Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the goods being wrongfully marketed, advertised, and sold bearing the ICON TRADEMARKS or using or incorporating the ICON COPYRIGHTS in which Plaintiff ICON has established common law rights.

158.   Defendants knew that the advertising was untrue and misleading and willfully continue to advertise and sell such goods to consumers.

159.   As a result of the above-described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff ICON and consumers in California and the United States.

160.   As a further result of the above-described conduct, Plaintiff ICON has been, and will continue to be, unjustly deprived of the full value of the goodwill associated with Plaintiff ICON's ICON TRADEMARKS and full value of ICON COPYRIGHTS in which Plaintiff ICON has established common law rights.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

161.   The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff ICON, its business, its reputation, and its goodwill.

162.   Plaintiff ICON has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff ICON prays for a judgment against Defendants as follows:

### **ON THE FIRST CAUSE OF ACTION**

### **(Copyright Infringement)**

1.   That Defendants each be found to have infringed Plaintiff ICON's copyrights;

2.   That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff ICON's copyrights;

3.   That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff ICON any originals, copies, facsimiles, reproductions, or duplicates of Plaintiff ICON's copyrighted material in their possession, custody, or control;

4.   That Defendants each be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, reproductions or duplicates of any work shown by the evidence to infringe any of Plaintiff ICON's copyrights;

5.   That Defendants each be required to file with the Court and to serve on Plaintiff ICON, within thirty (30) days after service of the Court's order as herein prayed, a report, in writing under oath, setting forth in detail the manner and form in which Defendants each complied with the Court's order;

6.   That judgment be entered for Plaintiff ICON and against Defendants, for Plaintiff ICON's actual damages according to proof, and for any additional profits attributable to infringements of Plaintiff ICON's copyright, in accordance with proof;

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

7.     That judgment be entered for Plaintiff ICON and against Defendants, for damages based upon Defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*;

8.     That Defendants each be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

9.     That all gains, profits, and advantages derived by Defendants of their acts of infringement and other violations of law be deemed to be in constructive trust for the benefit of Plaintiff ICON;

10.    That, to the extent that any infringement occurred subsequent to the registration of the copyrights by Plaintiff ICON, that Plaintiff ICON be awarded statutory damages;

11.    That Plaintiff ICON be awarded prejudgment interest at the legal rate pursuant to California Civil Code § 3336;

12.    That Plaintiff ICON be awarded exemplary/punitive damages;

13.    That Plaintiff ICON be awarded attorneys' fees and costs of suit; and

14.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION
### (Trademark Infringement)

15.    That it be found that Plaintiff ICON's trademarks have been infringed by Defendants' acts under 15 U.S.C. § 1125;

16.    That it be found that Defendants, and each of them, have unfairly competed with Plaintiff ICON in violation of 15 U.S.C. § 1125 and California Business and Professions Code §§ 17200, *et seq.*;

17.    That it be found that Plaintiff ICON is entitled to recover damages from Defendants, and each of them, for their acts of federal trademark infringement, dilution, and unfair competition, and that these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and that Plaintiff ICON be awarded its reasonable attorneys' fees;

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

18.    That it be found that Plaintiff ICON is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and that Plaintiff ICON further recover punitive damages under California Law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

19.    That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

a.    Using any combination, reproduction, counterfeit, copy, or colorable imitation of the Plaintiff ICON's trademarks in connection with the advertising, distribution, offering for sale, or sale of products, the same or similar to those offered by Plaintiff ICON, or likely to be confused with those of Plaintiff ICON, or likely to injure Plaintiff ICON's business, reputation, or the reputation of Plaintiff ICON's trademarks;

b.    Using any combination, reproduction, counterfeit, copy, or colorable imitation of Plaintiff ICON's trademarks in any manner likely to cause confusion, to cause mistake, or to deceive the public;

c.    Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any product similar to those provided by Plaintiff ICON under a name or mark the same as or similar to Plaintiff ICON's;

d.    Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed by Plaintiff ICON; and

e.    Otherwise competing unfairly with Plaintiff ICON in any manner, including, but not limited to, infringing usage of

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

Plaintiff ICON's trademarks, or any confusingly similar marks.

20.     That Defendants, and each of them, be required to deliver up to Plaintiff ICON for destruction, any and all materials which infringe Plaintiff ICON's trademarks in Defendants' possession or under their control;

21.     That Defendants be required to deliver up to Plaintiff ICON for destruction, any and all catalogs, circulars and other printed material in Defendants' possession or under its control displaying or exploiting Plaintiff ICON's trademarks;

22.     That Defendants be required to supply Plaintiff with a complete list of entities or individuals to whom they have offered for sale products bearing the Plaintiff ICON's trademarks, or any confusingly similar marks, and be required to contact such entities, inform them that such goods are no longer for sale and may no longer be offered for sale, and providing them with the means of blacking-out the offerings of the such goods in their advertising materials;

23.     That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction; and

24.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION
### (Tortious Interference with Existing Contract)

25.     For general, special, and consequential damages in an amount to be proven at the time of trial;

26.     For a preliminary and permanent injunction;

27.     For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

28.     For legal interest;

**COMPLAINT FOR DAMAGES**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

29.     For costs of suit incurred herein;

30.     For reasonable attorneys' fees; and

31.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION

### (Tortious Interference with Prospective Contractual Relations)

32.     For general, special, and consequential damages in an amount to be proven at the time of trial;

33.     For a preliminary and permanent injunction;

34.     For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

35.     For legal interest;

36.     For costs of suit incurred herein;

37.     For reasonable attorneys' fees; and

38.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH CAUSE OF ACTION

### (Tortious Interference with Business Relations)

39.     For general, special, and consequential damages in an amount to be proven at the time of trial;

40.     For a preliminary and permanent injunction;

41.     For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

42.     For legal interest;

43.     For costs of suit incurred herein;

44.     For reasonable attorneys' fees; and

45.     Such other and further relief at law or in equity, to which the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

## ON THE SIXTH CAUSE OF ACTION

### (Civil Conspiracy)

46.   For damages in an amount according to proof at the time of trial;

47.   For interest on the sum of damages awarded;

48.   For a preliminary and permanent injunction;

49.   For costs of suit incurred herein; and

50.   Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE SEVENTH CAUSE OF ACTION

### (Trade Secret Misappropriation)

51.   For general, special, and consequential damages in an amount to be proven at the time of trial;

52.   For a preliminary and permanent injunction;

53.   For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

54.   For legal interest;

55.   For costs of suit incurred herein;

56.   For reasonable attorneys' fees; and

57.   Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE EIGHTH CAUSE OF ACTION

### (Breach of Fiduciary Duties)

58.   For damages in an amount according to proof at the time of trial;

59.   For interest on the sum of damages awarded;

60.   For costs of suit incurred herein; and

61.   Such other and further relief at law or in equity, to which the Court deems just and proper.

/ / /

**COMPLAINT FOR DAMAGES**

## ON THE NINTH CAUSE OF ACTION

### (Conversion)

62. For general, special, and consequential damages in an amount to be proven at the time of trial;

63. For a preliminary and permanent injunction;

64. For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

65. For legal interest;

66. For costs of suit incurred herein;

67. For reasonable attorneys' fees; and

68. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE TENTH CAUSE OF ACTION

### (Violation of California Penal Code § 486)

69. For general, special, and consequential damages in an amount to be proven at the time of trial;

70. For a preliminary and permanent injunction;

71. For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

72. For legal interest;

73. For costs of suit incurred herein;

74. For reasonable attorneys' fees; and

75. Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE ELEVENTH CAUSE OF ACTION

### (Violation of California Penal Code § 502)

76. P For general, special, and consequential damages in an amount to be proven at the time of trial;

**COMPLAINT FOR DAMAGES**

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

77.    For a preliminary and permanent injunction;

78.    For punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants;

79.    For legal interest;

80.    For costs of suit incurred herein;

81.    For reasonable attorneys' fees; and

82.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE TWELFTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, *et seq.*)

83.    For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

84.    For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

85.    For attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

86.    For an award of compensatory damages according to proof at the time of trial; and

87.    For such other and further relief at law or in equity, which the Court deems just and proper.

## ON THE THIRTEENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17500, *et seq.*)

88.    For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST
NEWPORT BEACH, CALIFORNIA 92660

89.     For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

90.     For attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

91.     For an award of compensatory damages according to proof at the time of trial; and

92.     For such other and further relief at law or in equity, which the Court deems just and proper.

Date: August 14, 2019                **BERSTEIN LAW, PC**

                          By:     _____
                                David A. Berstein
                                Attorneys for Plaintiff
                                ICON INTERNET MEDIA, INC.


### JURY DEMAND

Plaintiff ICON hereby demands a jury trial on all issues so triable.


Date: August 14, 2019                **BERSTEIN LAW, PC**

                          By:     _____
                                David A. Berstein
                                Attorneys for Plaintiff
                                ICON INTERNET MEDIA, INC.

**COMPLAINT FOR DAMAGES**