Nathan Fransen, SBN 242867
FRANSEN AND MOLINARO, LLP
4160 Temescal Canyon Rd., Suite 306
Corona, CA 92883
Telephone: (951) 520-9684
Fax: (951) 277-7598
nathan@fmattorney.com

Attorneys for Defendants
DAVE JOHNSON AND TRISHA JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ICON INTERNET MEDIA, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVE JOHNSON, an individual; TRISHA JOHNSON, an individual; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | Case No. 8:19-CV-01579-JVS-DFM<br><br>Hon. Judge James V. Selna<br><br>**NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FRCP § 60(b)(1) and FRCP § 55(c)**<br><br>**Date:** January 27, 2020<br>**Time:** 1:30 p.m.<br>**Ctrm:** 10C<br><br>**[Filed concurrently with Declaration of Nathan Fransen; Proposed Order]** |

Notice of Motion To Set Aside Entry of Default
(Icon Internet Media, Inc., v. Dave Johnson, et. al.)
Page 1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on January 27, 2020 at 1:30 p.m., in Courtroom 10C of the above-entitled Court, located in the United States Courthouse located at 411 West 4th Street, Santa Ana California 92701-4516, Defendant Dave Johnson and Defendant Trisha Johnson (joinly "Defendants") will and herebo do move for an Order to set aside the Entry of Default filed by Plaintiff as to Defendants pursuant to Federal Rules of Civil Procedure, Section 60(b)(1) and Section 55(c), on the following grounds:

> The default was based on excusable neglect as provided for in Section 60(b)(1) and good cause exists for the setting aside of the entry of default based on Rule 55(c).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Nathan Fransen, and all other pleadings and records on file in this action, as well as such oral evidence as may be presented at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 19, 2019.

**FRANSEN & MOLINARO, LLP**

Dated: December 30, 2019      /s/ Nathan Fransen
Nathan Fransen,
Attorney for Dave Johnson and
Trisha Johnson

Notice of Motion To Set Aside Entry of Default
(Icon Internet Media, Inc., v. Dave Johnson, et. al.)
Page 2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Dave Johnson and Defendant Trisha Johnson (hereafter collectively "Defendants") herein seek an Order setting aside an entry of default by clerk against Defendants entered on December 12, 2019 (Doc No. 24 and 25). The entry of default was requested by Plaintiff Icon Internet Media, Inc. ("Plaintiff"), on December 11, 2019 (Doc No. 22 and 23).

### I. INTRODUCTION AND FACTUAL BACKGROUND

On August 15, 2019, Plaintiff initiated this case by filing a Complaint for Damages. (Fransen Decl. ¶ 2, Exh. 1). After becoming aware of this matter, though not yet served, Defendants retained attorney Nathan Fransen to represent them. (Fransen Decl. ¶ 2). On October 11, 2019, attorney Fransen sent a letter via email to Plaintiff's counsel, advising of his representation. (Fransen Decl. ¶ 3, Exh. 2). On October 11, 2019 at 6:04 p.m., Plaintiff's counsel sent an email to Fransen which included copies of the lawsuit and notice and acknowledgements for the Defendants. (Fransen Decl. ¶ 4, Exh. 3). As this was sent Friday evening, it was not reviewed by Fransen until Monday, October 14, 2019. (Fransen Decl. ¶ 4). On October 16, 2019, Fransen received the physical notice and acknowledgements and signed them and returned them to Plaintiff's counsel. (Fransen Decl. ¶ 5).

Fransen and JR Dimuzio, counsel for Plaintiff, exchanged emails and telephone calls concerning this case in the ensuing weeks after service was effectuated. (Fransen Decl. ¶ 6). Fransen prepared Answers for Defendants and had calendared to file them on December 13, 2019, which coincided with his return from a personal vacation. (Fransen Decl. ¶ 8-9). Fransen mistakenly used the date he received the Notice and Acknowdgements as the deadline, rather than the mailing date reflected on the Notice of October 11, 2019. (Fransen Decl. ¶ 8).

On December 13, 2019, after discovering the entry of defaults, Fransen immediately contacted Plaintiff's counsel, explained the error, and requested a stipulation allowing the defaults to be set aside. (Fransen Decl. ¶ 9). Fransen also

emailed copies of the proposed Answers there were intended to be filed to Plaintiff's counsel. (Fransen Decl. ¶ 9). On December 17, 2019, Dimuzio replied to Fransen, appoligizing for the delayed response and asking for clarification as to the basis for the relief requested. (Fransen Decl. ¶ 10). On December 17, 2019, Fransen emailed Dimuzio a brief explanation of the circumstances and requested availability for a telephone call. (Fransen Decl. ¶ 11). On December 18, 2019, Fransen emailed Dimuzio again asking for availability to discuss the matter further. (Fransen Decl. ¶ 12). On December 18, 2019, Dimuzio responded via email stating that they would not agree to a stipulation to set aside the default, and would have availibity the next day to meet and confer as required by Local Rule 7-3. (Fransen Decl. ¶ 13). On December 18, 2019, Fransen sent an email to Dimuzio containing more extensive authority and legal reasoning intended to support the requested relief. (Fransen Decl. ¶ 14).

On December 19, 2019, Fransen and Dimuzio spoke on the phone regarding the setting aside of the default. (Fransen Decl. ¶ 15). Following this call, Fransen sent an email to Dimuzio confirming the telephone discussion and advising that a motion would be filed for a hearing date as soon as permitted by Local Rule 7-3 and the Court's scheduling requirements, which would result in a hearing date of January 27, 2020. (Fransen Decl. ¶ 16).

**II.     LEGAL ARGUMENT**

**A. <u>The Court Has Authority And Discretion To Set Aside An Entry of Default And Is To Apply Its Discretion Liberally.</u>**

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." *Fed. Rules Civ. Proc.* R. 55(c). "The 'good cause' standard for setting aside an entry of default alone, not a default judgment, is slightly more favorable to the party in default." *McManus v. Am. States Ins. Co.*, 201 F.R.D. 493, 500 (C.D. Cal. 2000). Although "good cause" is not defined within Rule 55, the grounds set forth in Rule 60(b) are generally applied,

albeit more liberally. *Id.* "...Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied…judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

### B. The Entry Of Default Should Be Set Aside In This Case Based On Excusable Neglect.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…(1) mistake, inadvertence, surprise, or excusable neglect…" *Fed Rules Civ Proc* R 60(b).

> "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Excusable neglect includes negligence on the part of counsel. *Bateman v. United States Postal Serv.*, 231 F. 3d 1220, 1223-24 (9th Cir. 2000).

### 1. The Prejudice To Plaintiff Would Be Minimal.

Plaintiff would not be prejudiced to any significant extent if the entry of default were set aside. The time elapsed between the entry of default (December 11, 2019) and the hearing on this Motion (January 27, 2019), is less than two months and it is likely that the holiday season would have resulted in periods of inactivity anyways.

There has not been a trial date set yet, nor has any discovery been propounded. The only prejudice of any significance is the cost incurred by Plaintiff's counsel in preparing and filing the necessary paperwork to have the clerk enter a default.

### 2. The Length Of The Delay In Bringing This Motion Was Reasonable.

A motion to set aside a judgment pursuant to Rule 60(b)(1) must be made within one-year after entry of the judgment. *Fed Rules Civ Proc* R 60(c). The Court in *Bateman v. United States Postal Serv.*, determined that the moving party's motion filed a little more than one month after the court denied his request to rescind a summary judgment was reasonable. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). Here, Fransen acted swiftly and within two days of the entry of default. (Fransen Decl. ¶ 9). Fransen explained the cause of the delay and provided a copy of the Answer for Defendants, ready to be filed. (Fransen Decl. ¶ 9,11,14). After exchanging emails, a meet and confer call was held as required by Local Rule 7-3, on December 19, 2019, eight days after the Entry of Default. (Fransen Decl. ¶ 15). As required by Local Rule 7-3, this motion could not be filed for seven days after the conference. The first available hearing date pursuant to the Court's schedule and the requirements of Local Rule 7-3 was determined to be January 27, 2020.

### 3. The Reason For The Delay Is Sufficient And Reflects Good Faith.

In *Batement*, the Court found the moving party's reason for the delay to be "weak". *Id.* They found he showed a lack of regard for his client's interests and the court's docket by not ensuring he timely responded to a motion for summary judgment. *Id.* Still, the Court concluded that his reason was sufficient because "…there [was] no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." *Id.*

Nothing was gained by delaying the filing of the Answer on behalf of the Defendants. Fransen was out of the state on a personal vacation and did not return

until two days after the entry of default was entered. (Fransen Decl. ¶ 9). Fransen's calendar system indicated that the Answer was not due until after he returned from his trip. (Fransen Decl. ¶ 8-9). This was based on an unfortunate, although reasonably made error. The Notice and Acknowledgement was executed and dated by Fransen on October 16, 2019. (Fransen Decl. ¶ 8-9). If this were the correct date, the Answer would be due December 15, 2019.

Fransen reached out to Plaintiff's counsel promptly after being retained and agreed to acknowledge service so as to avoid the need for personal service. (Fransen Decl. ¶ 3-5). Fransen maintained communication with Plaintiff's counsel and accommodated all scheduling requests. (Fransen Decl. ¶ 6). There was no doubt that Defendants intended to argue this matter on the merits. Given the circumstances of the case, Defendants and counsel wanted to review the Answers prepared in advance thoroughly and determined that a filing on December 13, 2019 would provide ample time to do so. (Fransen Decl. ¶ 8). Unfortunately, Plaintiff requested an entry of default the moment it was available and due to a scheduling error, Defendants were not able to file their Answers timely.

### C. This Motion Satisfies The Requirements Of Rule 55(c) and 60(b).

There are three factors that the Ninth Circuit has determined apply to Rule 55(c) and Rule 60(b) Motions. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). These factors are: "…whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *Id.* The prejudice to the plaintiff is discussed supra.

#### 1. The Entry of Default Was Not Due To Defendants' or Their Counsel's Culpability.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id* at 697 (emphasis in original).

> "As we have previously explained, in this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.' *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

This is a simple case of a calendaring error. An error that should not have occurred, but nevertheless, it could not reasonably be described as taking advantage of an opposing party, interfering with judicial decisionmaking, or manipulating the legal process. "We have typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 1092-93 (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698). Here, Defendants intended to timely Answer. The reason they did not was excusable neglect.

### 2. The Defendants Have A Meritorious Defense.

As to the meritorious defense requirement, "…the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). The *TCI Grp. Life Ins.* Court cited to a 10th Circuit court case as an example, parenthetically describing that …the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible". *Id* (citation omitted).

In the Answers attached as an exhibit to the concurrently filed declaration of Fransen, the Defendants have responded to each allegation and plead affirmative defenses. (Fransen Decl. ¶ 17). The Answers contain factual denials as to a majority

of the allegations. (Fransen Decl., Exh. 17). If even a portion of these denials are proven true, Defendants will be the prevailing party in this case. As an example, a contention of the Complaint that is fundamental to Plaintiff's claims is that Defendants unlawfully obtained and used copyrightable material owned by Plaintiff. (Fransen Decl. Exh. 1, Compl. ¶ 20). This allegation is entirely denied by Defendants. (Fransen Decl. Exh. 13, Answers ¶ 20). The ownership of the "iConfigurator" which is the subject of much of Plaintiffs' Complaint is at issue by virtue of Defendants denial of the allegation as to its ownership. (Fransen Decl., Exh. 1, Compl. ¶ 12, Exh. 13, Answers ¶ 12).

Legally, Plaintiff's case faces other challenges. As alleged, Dave Johnson and Scott Johnson are the sole shareholders of the Plaintiff (Fransen Decl. Exh. 1, Compl. ¶ 10). An exercise of corporate power "…must benefit all shareholders proportionately and must not conflict with the proper conduct of the corporation's business." *Jones v. H. F. Ahmanson & Co*., (1969) 1 Cal. 3d 93, 108, 81 Cal. Rptr. 592, 599. Litigation will undoutdebly involve the authority of the corporation in its pursuit of a 50% shareholder and director.

It is further relevant, that despite multiple verbal and written requests, Plaintiff has yet to produce business records as required by corporate bylaws and statute. (Fransen Decl. ¶ 3). As evidenced by the communication between counsel for Plaintiff and Defendants, this request was made multiple times, beginning as early as June 14, 2019, prior to the lawsuit even being filed, without any production whatsoever. (Fransen Decl. ¶ 3). These records would likely be useful to Defendants in mounting their defense to this case.

//

### III. CONCLUSION

The favored means of adjudicating a dispute is to have a determination based on the merits, not an inadvertent calendaring error. The factors described herein all support the granting of Defendants request. Defendants ask the Court to order the entry of default set aside and allow Defendants to file their Answers.

**FRANSEN & MOLINARO, LLP**

Dated: December 30, 2019      /s/ Nathan Fransen
Nathan Fransen,
Attorney for Dave Johnson and
Trisha Johnson