**Exhibit 6**

**From:** Nathan Fransen [mailto:nathan@fmattorney.com]
**Sent:** Friday, December 13, 2019 4:21 PM
**To:** 'JR Dimuzio' <JR@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

Mr. Berstein,

If its helpful for your consideration I am attaching copies of the proposed answers for your review.

Sincerely,

Nathan Fransen, Esq.
**Fransen and Molinaro, LLP**
4160 Temescal Canyon Road, Suite 306
Corona, CA 92883
(951) 520-9684 – Tel
(951)277-7598 – Fax

The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have reason to know that you have received this email in error, please notify the sender by reply email and delete this message and its attachments if any.

**Exhibit 7**

**From:** JR Dimuzio [mailto:JR@bersteinlaw.com]
**Sent:** Tuesday, December 17, 2019 3:42 PM
**To:** Nathan Fransen <nathan@fmattorney.com>
**Cc:** Cassidy Valenzuela <cassidy@bersteinlaw.com>; David Berstein <david@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

Mr. Fransen,

Our apologies for being unable to get back to you sooner, we have been and remain occupied and otherwise indisposed for the time being. However, it has been brought our attention that you have called our office yesterday hoping to speak to us regarding entry of default against your clients. In order for us to seek authorization regarding your request that we stipulate to setting aside the entry of default, can you clarify under which grounds of Rule 60(b) you believe to be entitled to relief?

Such information would additionally aid in moving along compliance with L.R. 7-3, should it be necessary.

Thank you and look forward to speaking with you soon.


Most sincerely,

*J. R. Dimuzio*
BERSTEIN LAW, PC
Associate
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:   949.783.4210
E:   jr@bersteinlaw.com

### IMPORTANT NOTICE REGARDING THIS E-MAIL

CONFIDENTIALITY NOTICE:  This e-mail and any files attached may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it, you are hereby notified any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please destroy the original transmission and its attachments without reading or saving in any manner.

FOR COUNSEL:  The contents of this e-mail and any attachments hereto are not intended to be admissible in any litigation or arbitration proceeding, and the provisions of California Evidence Code § 1152 are hereby invoked.

FOR POTENTIAL CLIENTS: **Nothing contained herein should be construed as creating or intending to create an attorney-client relationship.** Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until

a formal retainer agreement has been fully executed between Berstein Law, PC and yourself, we will not take any action on your behalf. Most cases have time deadlines or 'statutes of limitations' limiting the amount of time a plaintiff has in which to file a lawsuit or a claim. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a formal retainer agreement agreeing to represent you.

**Exhibit 8**

**From:** Nathan Fransen [mailto:nathan@fmattorney.com]
**Sent:** Tuesday, December 17, 2019 4:24 PM
**To:** 'JR Dimuzio' <JR@bersteinlaw.com>
**Cc:** 'Cassidy Valenzuela' <cassidy@bersteinlaw.com>; 'David Berstein' <david@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

Mr. Dimuzio,

The grounds for relief would be based on (b)(1) – mistake inadvertence, surprise or excusable neglect.  As mentioned in my previous email, I calendared the deadline based on when I signed the acknowledgment (15th).  I had prepared the answer and reviewed it with my client prior to the deadline.  It was ready for filing but my assistant figured I would want to make a "final check" before filing on Friday, which we thought was still within the time limit.  On Friday when we were preparing to file we discovered the Entry of Default.  I believe that given the lack of delay and prejudice the motion would be granted.

I'm available tomorrow to discuss at your convenience. Please let me know your availability.

Thanks,

Nathan Fransen, Esq.
**Fransen and Molinaro, LLP**
4160 Temescal Canyon Road, Suite 306
Corona, CA 92883
(951) 520-9684 – Tel
(951)277-7598 – Fax

The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have reason to know that you have received this email in error, please notify the sender by reply email and delete this message and its attachments if any.

Exhibit 9

**From:** Nathan Fransen [mailto:nathan@fmattorney.com]
**Sent:** Wednesday, December 18, 2019 3:35 PM
**To:** 'JR Dimuzio' <JR@bersteinlaw.com>
**Cc:** 'Cassidy Valenzuela' <cassidy@bersteinlaw.com>; 'David Berstein' <david@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

Mr. Dimuzio,

Please let me know if you have availability this afternoon or tomorrow to discuss this.

Thanks,

Nathan Fransen, Esq.
**Fransen and Molinaro, LLP**
4160 Temescal Canyon Road, Suite 306
Corona, CA 92883
(951) 520-9684 – Tel
(951)277-7598 – Fax

The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have reason to know that you have received this email in error, please notify the sender by reply email and delete this message and its attachments if any.

**Exhibit 10**

**From:** JR Dimuzio [mailto:JR@bersteinlaw.com]
**Sent:** Wednesday, December 18, 2019 4:59 PM
**To:** Nathan Fransen <nathan@fmattorney.com>
**Cc:** Cassidy Valenzuela <cassidy@bersteinlaw.com>; David Berstein <david@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

Mr. Fransen,

Given that your email from yesterday afternoon stated that you believe the entry of default should be set aside on Rule 60(b)(1) grounds, we will not be stipulating to allow you to set aside. Further, we are unaware of any authority that would support your position under Rule 60(b)(1), given the facts you have stated.

We have availability tomorrow afternoon, as well as Friday, to discuss the issues. However, we request that you provide the authorities you plan to rely on prior to discussing the matter, so that we can productively meet and confer in compliance with L.R. 7-3.

Thank you and we look forward to speaking with you soon.

Most sincerely,

*J. R. Dimuzio*
BERSTEIN LAW, PC
Associate
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:   949.783.4210
E:   jr@bersteinlaw.com

### IMPORTANT NOTICE REGARDING THIS E-MAIL

CONFIDENTIALITY NOTICE:  This e-mail and any files attached may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it, you are hereby notified any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please destroy the original transmission and its attachments without reading or saving in any manner.

FOR COUNSEL:  The contents of this e-mail and any attachments hereto are not intended to be admissible in any litigation or arbitration proceeding, and the provisions of California Evidence Code § 1152 are hereby invoked.

FOR POTENTIAL CLIENTS: **Nothing contained herein should be construed as creating or intending to create an attorney-client relationship.** Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Berstein Law, PC and

yourself, we will not take any action on your behalf. Most cases have time deadlines or 'statutes of limitations' limiting the amount of time a plaintiff has in which to file a lawsuit or a claim. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a formal retainer agreement agreeing to represent you.

**Exhibit 11**

Mr. Dimuzio,

The authority I intend to set forth in the motion will include the following:

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" *Patton v. Sec'y of the Dep't of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). "To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

1. The prejudice here is minimal as setting aside the default at this point would likely not impact the scheduling of the case at all, and at most a few days.
2. The length of the delay is also minimal. "What constitutes "reasonable time" depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). My initial request was 2 days after your entry of default. The motion will be filed within 2 weeks of the entry. This would likely be found within "reasonable time" by any measure. (2 weeks was found reasonable in *August Fiberglass*, 843 F.2d at 812 and over a month was reasonable in *Batemen v. United States Postal Serv.*, 231 F.3d 1220.
3. The reason for the delay. "...'excusable neglect' covers 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000). I believe the facts I set forth previously satisfy this requirement.
4. Certainly there was no bad faith or attempt to obtain some sort of strategic advantage. It was my intent to file an Answer timely and I was a couple of days off.

The Court also has authority to set aside the default under Rule 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).") This would also be raised in my motion.

I will make myself available at your convenience tomorrow afternoon to discuss further and complete our meet and confer process. Please let me know what time works best for you and I will call at that time.

Sincerely,

Nathan Fransen, Esq.
**Fransen and Molinaro, LLP**
4160 Temescal Canyon Road, Suite 306
Corona, CA 92883
(951) 520-9684 – Tel
(951)277-7598 – Fax

The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have reason to know that you have received this email in error, please notify the sender by reply email and delete this message and its attachments if any.

Exhibit 12

**From:** Nathan Fransen [mailto:nathan@fmattorney.com]
**Sent:** Thursday, December 19, 2019 3:48 PM
**To:** 'JR Dimuzio' <JR@bersteinlaw.com>
**Cc:** 'Cassidy Valenzuela' <cassidy@bersteinlaw.com>; 'David Berstein' <david@bersteinlaw.com>
**Subject:** RE: Icon v. Johnson

JR,

Thank you for discussing my intended motion to vacate the default entered in this case.  Based on our exchange of emails and our telephonic discussion, I believe we have satisfied the confer requirements of L.R. 7-3.  In our call I indicated I would be filing the motion tomorrow.  Rule 7-3 however requires our conference to be held "at least 7 days prior to the filing of the motion."  Accordingly, the soonest I can now file this motion is 12/26/19.  In reviewing Judge Selna's procedures, I note that civil motions are heard on Mondays at 1:30 p.m.  This means the soonest I can set the hearing for this motion is January 27, 2020.  Just wanted to relay this information and give you a heads up on when to expect my motion.

Sincerely,

Nathan Fransen, Esq.
**Fransen and Molinaro, LLP**
4160 Temescal Canyon Road, Suite 306
Corona, CA 92883
(951) 520-9684 – Tel
(951)277-7598 – Fax

The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you have reason to know that you have received this email in error, please notify the sender by reply email and delete this message and its attachments if any.

Exhibits 13

1  Nathan Fransen, SBN 242867
2  FRANSEN AND MOLINARO, LLP
   4160 Temescal Canyon Rd., Suite 306
3  Corona, CA 92883
   Telephone: (951) 520-9684
4  Fax: (951) 277-7598
   nathan@fmattorney.com

5  Attorneys for Defendants
6  DAVE JOHNSON AND TRISHA JOHNSON

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11  ICON INTERNET MEDIA, INC., a      ) Case No. 8:19-CV-01579-JVS-DFM
    California corporation,           )
12                                    ) Hon. Judge James V. Sena
                                      )
13         Plaintiff,                 )
                                      )
14  v.                                )
                                      ) **ANSWER OF DAVE JOHNSON**
15  DAVE JOHNSON, an individual;      ) **TO COMPLAINT OF ICON**
    TRISHA JOHNSON, an individual; and ) **INTERNET MEDIA, INC.**
16  DOES 1 through 10, inclusive      )
                                      )
17         Defendants.                )
                                      )
18                                    )
                                      )
19  ——————————————————————————————    )

20

21

22

23

24

25

26

27

28

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

Defendants DAVE JOHNSON hereby answers the Complaint of Plaintiff ICON INTERNET MEDIA, INC., and allege and state as follows:

1. Defendant Dave Johnson admits Paragraph 1 of Plaintiff's Complaint.

2. Defendant Dave Johnson admits Paragraph 2 of Plaintiff's Complaint.

3. Defendant Dave Johnson admits Paragraph 3 of Plaintiff's Complaint.

4. Answering Paragraph 4 of the Complaint Defendant Dave Johnson denies that he acted under the authority of anyone in connection with all conduct alleged in the Complaint.  No other allegations contained in this Paraagraph can be admitted or denied as they do not contain factual allegations.

5. Defendant Dave Johnson denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Dave Johnson denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant Dave Johnson admits the allegations in Paragraph 7 of Plaintiff's Complaint with the understanding it is limited to the date the allegations is made.

8. Defendant Dave Johnson admits Paragraph 8 of Plaintiff's Complaint.

9. Defendant Dave Johnson admits that venue is proper in this District, and denies the allegations contained in subpart (c)-(f).

10. Defendant Dave Johnson admits Paragraph 10 of Plaintiff's Complaint.

11. Defendant Dave Johnson admits Paragraph 11 of Plaintiff's Complaint.

12. Defendant Dave Johnson denies Paragraph 12 of Plaintiff's Complaint.

13. Defendant Dave Johnson denies Paragraph 13 of Plaintiff's Complaint.

14. Defendant Dave Johnson admits Paragraph 14 of Plaintiff's Complaint.

15. Defendant Dave Johnson admits Paragraph 15 of Plaintiff's Complaint.

16. Defendant Dave Johnson denies Paragraph 16 of Plaintiff's Complaint.

17. Defendant Dave Johnson admits Paragraph 17 of Plaintiff's Complaint.

18. Defendant Dave Johnson admits Paragraph 18 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

19. Defendant Dave Johnson admits Paragraph 19 of Plaintiff's Complaint.

20. Defendant Dave Johnson denies Paragraph 20 of Plaintiff's Complaint.

21. Defendant Dave Johnson denies Paragraph 21 of Plaintiff's Complaint.

22. Defendant Dave Johnson denies Paragraph 22 of Plaintiff's Complaint.

23. Defendant Dave Johnson denies Paragraph 23 of Plaintiff's Complaint.

24. Defendant Dave Johnson denies Paragraph 24 of Plaintiff's Complaint.

25. Defendant Dave Johnson denies Paragraph 25 of Plaintiff's Complaint.

26. Defendant Dave Johnson denies Paragraph 26 of Plaintiff's Complaint.

27. Defendant Dave Johnson denies Paragraph 27 of Plaintiff's Complaint.

28. Defendant Dave Johnson denies Paragraph 28 of Plaintiff's Complaint.

29. Defendant Dave Johnson denies Paragraph 29 of Plaintiff's Complaint.

30. Defendant Dave Johnson denies Paragraph 30 of Plaintiff's Complaint.

31. Defendant Dave Johnson denies Paragraph 31 of Plaintiff's Complaint.

32. Defendant Dave Johnson denies Paragraph 32 of Plaintiff's Complaint.

33. Paragraph 33 of Plaintiff's Complaint does not contain any allegations to which Defendant Dave Johnson can admit or deny.

34. Defendant Dave Johnson admits he resigned his position as CEO and President of ICON on May 24, 2019, and denies all remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Dave Johnson admits that Scott Johnson accepted his resignation in an email, but denies that Scott Johnson was the "new Chief Executive Officer and President".

36. Defendant Dave Johnson denies Paragraph 36 of Plaintiff's Complaint.

37. Defendant Dave Johnson denies Paragraph 37 of Plaintiff's Complaint.

38. Defendant Dave Johnson admits Paragraph 38 of Plaintiff's Complaint.

39. Defendant Dave Johnson denies Paragraph 39 of Plaintiff's Complaint.

40. Defendant Dave Johnson denies Paragraph 40 of Plaintiff's Complaint.

41. Defendant Dave Johnson denies Paragraph 41 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

42. Defendant Dave Johnson denies Paragraph 42 of Plaintiff's Complaint.

43. Defendant Dave Johnson denies Paragraph 43 of Plaintiff's Complaint.

44. Defendant Dave Johnson admits Paragraph 44 of Plaintiff's Complaint.

45. Defendant Dave Johnson admits Paragraph 45 of Plaintiff's Complaint.

46. Defendant Dave Johnson denies Paragraph 46 of Plaintiff's Complaint.

47. Answering Paragraph 47, Defendant Dave Johnson admits that he has made demands for inspection of corporate books and records.

48. Defendant Dave Johnson denies Paragraph 48 of Plaintiff's Complaint.

49. Defendant Dave Johnson denies Paragraph 49 of Plaintiff's Complaint.

50. Defendant Dave Johnson admits Paragraph 50 of Plaintiff's Complaint.

51. Defendant Dave Johnson denies Paragraph 51 of Plaintiff's Complaint.

52. Defendant Dave Johnson denies Paragraph 52 of Plaintiff's Complaint.

53. Defendant Dave Johnson denies Paragraph 53 of Plaintiff's Complaint.

54. Defendant Dave Johnson admits Paragraph 54 of Plaintiff's Complaint.

55. Defendant Dave Johnson denies Paragraph 55 of Plaintiff's Complaint.

56. Defendant Dave Johnson denies Paragraph 56 of Plaintiff's Complaint.

57. Defendant Dave Johnson denies Paragraph 57 of Plaintiff's Complaint.

58. Defendant Dave Johnson denies Paragraph 58 of Plaintiff's Complaint.

59. Defendant Dave Johnson denies Paragraph 59 of Plaintiff's Complaint.

60. Defendant Dave Johnson admits Paragraph 60 of Plaintiff's Complaint.

61. Answering Paragraph 61, Defendant Dave Johnson admits that the locks were changed at the request of Scott Johnson.  Defendant Dave Johnson denies all remaining allegations.

62. Defendant Dave Johnson denies Paragraph 62 of Plaintiff's Complaint.

63. Defendant Dave Johnson denies Paragraph 63 of Plaintiff's Complaint.

64. Defendant Dave Johnson denies Paragraph 64 of Plaintiff's Complaint.

65. Defendant Dave Johnson denies Paragraph 65 of Plaintiff's Complaint.

66. Defendant Dave Johnson denies Paragraph 66 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

67. Defendant Dave Johnson denies Paragraph 67 of Plaintiff's Complaint.

68. In answer to Paragraph 68, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 67.

69. Defendant Dave Johnson denies Paragraph 69 of Plaintiff's Complaint.

70. Defendant Dave Johnson denies Paragraph 70 of Plaintiff's Complaint.

71. Defendant Dave Johnson denies Paragraph 71 of Plaintiff's Complaint.

72. Defendant Dave Johnson denies Paragraph 72 of Plaintiff's Complaint.

73. Defendant Dave Johnson denies Paragraph 73 of Plaintiff's Complaint.

74. Defendant Dave Johnson denies Paragraph 74 of Plaintiff's Complaint.

75. Defendant Dave Johnson denies Paragraph 75 of Plaintiff's Complaint.

76. Defendant Dave Johnson denies Paragraph 76 of Plaintiff's Complaint.

77. In answer to Paragraph 77, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 76.

78. Defendant Dave Johnson denies Paragraph 78 of Plaintiff's Complaint.

79. Defendant Dave Johnson denies Paragraph 79 of Plaintiff's Complaint.

80. Defendant Dave Johnson denies Paragraph 80 of Plaintiff's Complaint.

81. Defendant Dave Johnson denies Paragraph 81 of Plaintiff's Complaint.

82. Defendant Dave Johnson denies Paragraph 82 of Plaintiff's Complaint.

83. Defendant Dave Johnson denies Paragraph 83 of Plaintiff's Complaint.

84. Defendant Dave Johnson denies Paragraph 84 of Plaintiff's Complaint.

85. In answer to Paragraph 85, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 84.

86. Defendant Dave Johnson admits Paragraph 86 of Plaintiff's Complaint.

87. Defendant Dave Johnson denies Paragraph 87 of Plaintiff's Complaint.

88. Defendant Dave Johnson admits Paragraph 88 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

89. Defendant Dave Johnson admits Paragraph 89 of Plaintiff's Complaint.

90. Defendant Dave Johnson denies Paragraph 90 of Plaintiff's Complaint.

91. Defendant Dave Johnson denies Paragraph 91 of Plaintiff's Complaint.

92. Defendant Dave Johnson denies Paragraph 92 of Plaintiff's Complaint.

93. Defendant Dave Johnson denies Paragraph 93 of Plaintiff's Complaint.

94. In answer to Paragraph 94, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 93.

95. Defendant Dave Johnson admits Paragraph 95 of Plaintiff's Complaint.

96. Defendant Dave Johnson denies Paragraph 96 of Plaintiff's Complaint.

97. Defendant Dave Johnson admits Paragraph 97 of Plaintiff's Complaint.

98. Defendant Dave Johnson denies Paragraph 98 of Plaintiff's Complaint.

99. Defendant Dave Johnson denies Paragraph 99 of Plaintiff's Complaint.

100. Defendant Dave Johnson denies Paragraph 100 of Plaintiff's Complaint.

101. Defendant Dave Johnson denies Paragraph 101 of Plaintiff's Complaint.

102. Defendant Dave Johnson denies Paragraph 102 of Plaintiff's Complaint.

103. In answer to Paragraph 103, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 102.

104. Defendant Dave Johnson admits Paragraph 104 of Plaintiff's Complaint.

105. Defendant Dave Johnson denies Paragraph 105 of Plaintiff's Complaint.

106. Defendant Dave Johnson admits Paragraph 106 of Plaintiff's Complaint.

107. Defendant Dave Johnson admits Paragraph 107 of Plaintiff's Complaint.

108. Defendant Dave Johnson denies Paragraph 108 of Plaintiff's Complaint.

109. Defendant Dave Johnson denies Paragraph 109 of Plaintiff's Complaint.

110. Defendant Dave Johnson denies Paragraph 110 of Plaintiff's Complaint.

111. Defendant Dave Johnson denies Paragraph 111 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

112. Defendant Dave Johnson denies Paragraph 112 of Plaintiff's Complaint.

113. In answer to Paragraph 113, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 112.

114. Defendant Dave Johnson denies Paragraph 114 of Plaintiff's Complaint.

115. Defendant Dave Johnson denies Paragraph 115 of Plaintiff's Complaint.

116. Defendant Dave Johnson denies Paragraph 116 of Plaintiff's Complaint.

117. Defendant Dave Johnson denies Paragraph 117 of Plaintiff's Complaint.

118. Defendant Dave Johnson denies Paragraph 118 of Plaintiff's Complaint.

119. Defendant Dave Johnson denies Paragraph 119 of Plaintiff's Complaint.

120. In answer to Paragraph 120, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 119.

121. Defendant Dave Johnson denies Paragraph 121 of Plaintiff's Complaint.

122. Defendant Dave Johnson denies Paragraph 122 of Plaintiff's Complaint.

123. Defendant Dave Johnson denies Paragraph 123 of Plaintiff's Complaint.

124. Defendant Dave Johnson denies Paragraph 124 of Plaintiff's Complaint.

125. Defendant Dave Johnson denies Paragraph 125 of Plaintiff's Complaint.

126. Defendant Dave Johnson denies Paragraph 126 of Plaintiff's Complaint.

127. Defendant Dave Johnson denies Paragraph 127 of Plaintiff's Complaint.

128. Defendant Dave Johnson denies Paragraph 128 of Plaintiff's Complaint.

129. Defendant Dave Johnson denies Paragraph 129 of Plaintiff's Complaint.

130. Defendant Dave Johnson denies Paragraph 130 of Plaintiff's Complaint.

131. Defendant Dave Johnson denies Paragraph 131 of Plaintiff's Complaint.

132. In answer to Paragraph 132, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951) 520-9684

and every response to each allegation contained in paragraphs 1 through 131.

133. Defendant Dave Johnson admits Paragraph 133 of Plaintiff's Complaint.

134. Defendant Dave Johnson denies Paragraph 134 of Plaintiff's Complaint.

135. Defendant Dave Johnson denies Paragraph 135 of Plaintiff's Complaint.

136. In answer to Paragraph 136, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 135.

137. Defendant Dave Johnson denies Paragraph 137 of Plaintiff's Complaint.

138. Defendant Dave Johnson denies Paragraph 138 of Plaintiff's Complaint.

139. Defendant Dave Johnson denies Paragraph 139 of Plaintiff's Complaint.

140. Defendant Dave Johnson denies Paragraph 140 of Plaintiff's Complaint.

141. Defendant Dave Johnson denies Paragraph 141 of Plaintiff's Complaint.

142. In answer to Paragraph 142, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 141.

143. Defendant Dave Johnson denies Paragraph 143 of Plaintiff's Complaint.

144. Defendant Dave Johnson denies Paragraph 144 of Plaintiff's Complaint.

145. Defendant Dave Johnson admits Paragraph 145 of Plaintiff's Complaint.

146. In answer to Paragraph 146, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 145.

147. Defendant Dave Johnson denies Paragraph 147 of Plaintiff's Complaint.

148. Defendant Dave Johnson admits Paragraph 148 of Plaintiff's Complaint.

149. Defendant Dave Johnson denies Paragraph 149 of Plaintiff's Complaint.

150. In answer to Paragraph 150, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 149.

151. Defendant Dave Johnson denies Paragraph 151 of Plaintiff's Complaint.

152. Defendant Dave Johnson denies Paragraph 152 of Plaintiff's Complaint.

153. Defendant Dave Johnson denies Paragraph 153 of Plaintiff's Complaint.

154. Defendant Dave Johnson denies Paragraph 154 of Plaintiff's Complaint.

155. In answer to Paragraph 155, Defendant Dave Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 154.

156. Defendant Dave Johnson denies Paragraph 156 of Plaintiff's Complaint.

157. Defendant Dave Johnson denies Paragraph 157 of Plaintiff's Complaint.

158. Defendant Dave Johnson denies Paragraph 158 of Plaintiff's Complaint.

159. Defendant Dave Johnson denies Paragraph 159 of Plaintiff's Complaint.

160. Defendant Dave Johnson denies Paragraph 160 of Plaintiff's Complaint.

161. Defendant Dave Johnson denies Paragraph 161 of Plaintiff's Complaint.

162. Defendant Dave Johnson denies Paragraph 162 of Plaintiff's Complaint.

As separate and distinct affirmative defenses to Plaintiff's Complaint on file in this action, Defendant Dave Johnson allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim for Relief)

1. The allegations of the Complaint fail to state facts sufficient to constitute a Claim for Relief against Defendant Dave Johnson.

### SECOND AFFIRMATIVE DEFENSE
### (Superseding Action of Third Parties)

2. The damages alleged in each Claim for Relief were exclusively caused, or

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

1  contributed to, by the acts or omissions of other entities (whether named as

2  Defendants, or persons or entities not named as Defendants, whether parties

3  to this action or not, whether served or unserved) other than Defendant Dave

4  Johnson, and those actions or omissions by those other entities were an

5  intervening and/or superseding cause of injuries and damages, if any, and that

6  such superseding forces are unforeseeable independent intervening actions

7  breaking the chain of causation and barring recovery by Plaintiff against

8  Defendant Dave Johnson.

9  ### THIRD AFFIRMATIVE DEFENSE

10  ### (Absence of Actual Causation)

11  3. Defendant Dave Johnson allege that any and all damages or injuries alleged

12  by Plaintiff were not actually caused by, and are not the result of, acts or

13  omissions by Defendant Dave Johnson.

14  ### FOURTH AFFIRMATIVE DEFENSE

15  ### (Waiver)

16  4. Defendant Dave Johnson alleges that performance on the alleged contracts

17  described in Plaintiff's Complaint was waived as to duties or obligations

18  owed by Defendant Dave Johnson.

19  ### FIFTH AFFIRMATIVE DEFENSE

20  ### (Reservation of Defenses)

21  5. As discovery has not yet been completed, Defendant Dave Johnson

22  respectfully reserve their right to amend and state additional affirmative

23  defenses that have not been plead as of this time.

24  ////

25

26

27

28

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

## PRAYER

THEREFORE, Defendant Dave Johnson pray that:

1. Plaintiff take nothing by reason of its Complaint as to Defendant Dave Johnson;

2. Defendant Dave Johnson be awarded costs of suit and reasonable attorneys' fees.

3. For such other and further relief as the Court may deem just and proper.

**FRANSEN & MOLINARO, LLP**

Dated: November 23, 2019         /s/ Nathan Fransen
                                  Nathan Fransen, Attorney for Dave Johnson

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

Nathan Fransen, SBN 242867
FRANSEN AND MOLINARO, LLP
4160 Temescal Canyon Rd., Suite 306
Corona, CA 92883
Telephone: (951) 520-9684
Fax: (951) 277-7598
nathan@fmattorney.com

Attorneys for Defendants
DAVE JOHNSON AND TRISHA JOHNSON

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ICON INTERNET MEDIA, INC., a California corporation, | Case No. 8:19-CV-01579-JVS-DFM |
| Plaintiff, | Hon. Judge James V. Sena |
| v. | |
| DAVE JOHNSON, an individual; TRISHA JOHNSON, an individual; and DOES 1 through 10, inclusive | **ANSWER OF TRISHA JOHNSON TO COMPLAINT OF ICON INTERNET MEDIA, INC.** |
| Defendants. | |

Defendants TRISHA JOHNSON hereby answers the Complaint of Plaintiff ICON INTERNET MEDIA, INC., and allege and state as follows:

1. Defendant Trisha Johnson admits Paragraph 1 of Plaintiff's Complaint.

2. Defendant Trisha Johnson admits Paragraph 2 of Plaintiff's Complaint.

3. Defendant Trisha Johnson admits Paragraph 3 of Plaintiff's Complaint.

4. Answering Paragraph 4 of the Complaint Defendant Trisha Johnson denies that he acted under the authority of anyone in connection with all conduct alleged in the Complaint.  No other allegations contained in this Paraagraph can be admitted or denied as they do not contain factual allegations.

5. Defendant Trisha Johnson denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Trisha Johnson denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant Trisha Johnson admits the allegations in Paragraph 7 of Plaintiff's Complaint with the understanding it is limited to the date the allegations is made.

8. Defendant Trisha Johnson admits Paragraph 8 of Plaintiff's Complaint.

9. Defendant Trisha Johnson admits that venue is proper in this District, and denies the allegations contained in subpart (c)-(f).

10. Defendant Trisha Johnson admits Paragraph 10 of Plaintiff's Complaint.

11. Defendant Trisha Johnson admits Paragraph 11 of Plaintiff's Complaint.

12. Defendant Trisha Johnson denies Paragraph 12 of Plaintiff's Complaint.

13. Defendant Trisha Johnson denies Paragraph 13 of Plaintiff's Complaint.

14. Defendant Trisha Johnson admits Paragraph 14 of Plaintiff's Complaint.

15. Defendant Trisha Johnson admits Paragraph 15 of Plaintiff's Complaint.

16. Defendant Trisha Johnson denies Paragraph 16 of Plaintiff's Complaint.

17. Defendant Trisha Johnson admits Paragraph 17 of Plaintiff's Complaint.

18. Defendant Trisha Johnson admits Paragraph 18 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

19. Defendant Trisha Johnson admits Paragraph 19 of Plaintiff's Complaint.

20. Defendant Trisha Johnson denies Paragraph 20 of Plaintiff's Complaint.

21. Defendant Trisha Johnson denies Paragraph 21 of Plaintiff's Complaint.

22. Defendant Trisha Johnson denies Paragraph 22 of Plaintiff's Complaint.

23. Defendant Trisha Johnson denies Paragraph 23 of Plaintiff's Complaint.

24. Defendant Trisha Johnson denies Paragraph 24 of Plaintiff's Complaint.

25. Defendant Trisha Johnson denies Paragraph 25 of Plaintiff's Complaint.

26. Defendant Trisha Johnson denies Paragraph 26 of Plaintiff's Complaint.

27. Defendant Trisha Johnson denies Paragraph 27 of Plaintiff's Complaint.

28. Defendant Trisha Johnson denies Paragraph 28 of Plaintiff's Complaint.

29. Defendant Trisha Johnson denies Paragraph 29 of Plaintiff's Complaint.

30. Defendant Trisha Johnson denies Paragraph 30 of Plaintiff's Complaint.

31. Defendant Trisha Johnson denies Paragraph 31 of Plaintiff's Complaint.

32. Defendant Trisha Johnson denies Paragraph 32 of Plaintiff's Complaint.

33. Paragraph 33 of Plaintiff's Complaint does not contain any allegations to which Defendant Trisha Johnson can admit or deny.

34. Defendant Trisha Johnson admits he resigned his position as CEO and President of ICON on May 24, 2019, and denies all remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Trisha Johnson admits that Scott Johnson accepted his resignation in an email, but denies that Scott Johnson was the "new Chief Executive Officer and President".

36. Defendant Trisha Johnson denies Paragraph 36 of Plaintiff's Complaint.

37. Defendant Trisha Johnson denies Paragraph 37 of Plaintiff's Complaint.

38. Defendant Trisha Johnson admits Paragraph 38 of Plaintiff's Complaint.

39. Defendant Trisha Johnson denies Paragraph 39 of Plaintiff's Complaint.

40. Defendant Trisha Johnson denies Paragraph 40 of Plaintiff's Complaint.

41. Defendant Trisha Johnson denies Paragraph 41 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

42. Defendant Trisha Johnson denies Paragraph 42 of Plaintiff's Complaint.

43. Defendant Trisha Johnson denies Paragraph 43 of Plaintiff's Complaint.

44. Defendant Trisha Johnson admits Paragraph 44 of Plaintiff's Complaint.

45. Defendant Trisha Johnson admits Paragraph 45 of Plaintiff's Complaint.

46. Defendant Trisha Johnson denies Paragraph 46 of Plaintiff's Complaint.

47. Answering Paragraph 47, Defendant Trisha Johnson admits that he has made demands for inspection of corporate books and records.

48. Defendant Trisha Johnson denies Paragraph 48 of Plaintiff's Complaint.

49. Defendant Trisha Johnson denies Paragraph 49 of Plaintiff's Complaint.

50. Defendant Trisha Johnson admits Paragraph 50 of Plaintiff's Complaint.

51. Defendant Trisha Johnson denies Paragraph 51 of Plaintiff's Complaint.

52. Defendant Trisha Johnson denies Paragraph 52 of Plaintiff's Complaint.

53. Defendant Trisha Johnson denies Paragraph 53 of Plaintiff's Complaint.

54. Defendant Trisha Johnson admits Paragraph 54 of Plaintiff's Complaint.

55. Defendant Trisha Johnson denies Paragraph 55 of Plaintiff's Complaint.

56. Defendant Trisha Johnson denies Paragraph 56 of Plaintiff's Complaint.

57. Defendant Trisha Johnson denies Paragraph 57 of Plaintiff's Complaint.

58. Defendant Trisha Johnson denies Paragraph 58 of Plaintiff's Complaint.

59. Defendant Trisha Johnson denies Paragraph 59 of Plaintiff's Complaint.

60. Defendant Trisha Johnson admits Paragraph 60 of Plaintiff's Complaint.

61. Answering Paragraph 61, Defendant Trisha Johnson admits that the locks were changed at the request of Scott Johnson.  Defendant Trisha Johnson denies all remaining allegations.

62. Defendant Trisha Johnson denies Paragraph 62 of Plaintiff's Complaint.

63. Defendant Trisha Johnson denies Paragraph 63 of Plaintiff's Complaint.

64. Defendant Trisha Johnson denies Paragraph 64 of Plaintiff's Complaint.

65. Defendant Trisha Johnson denies Paragraph 65 of Plaintiff's Complaint.

66. Defendant Trisha Johnson denies Paragraph 66 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

67. Defendant Trisha Johnson denies Paragraph 67 of Plaintiff's Complaint.

68. In answer to Paragraph 68, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 67.

69. Defendant Trisha Johnson denies Paragraph 69 of Plaintiff's Complaint.

70. Defendant Trisha Johnson denies Paragraph 70 of Plaintiff's Complaint.

71. Defendant Trisha Johnson denies Paragraph 71 of Plaintiff's Complaint.

72. Defendant Trisha Johnson denies Paragraph 72 of Plaintiff's Complaint.

73. Defendant Trisha Johnson denies Paragraph 73 of Plaintiff's Complaint.

74. Defendant Trisha Johnson denies Paragraph 74 of Plaintiff's Complaint.

75. Defendant Trisha Johnson denies Paragraph 75 of Plaintiff's Complaint.

76. Defendant Trisha Johnson denies Paragraph 76 of Plaintiff's Complaint.

77. In answer to Paragraph 77, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 76.

78. Defendant Trisha Johnson denies Paragraph 78 of Plaintiff's Complaint.

79. Defendant Trisha Johnson denies Paragraph 79 of Plaintiff's Complaint.

80. Defendant Trisha Johnson denies Paragraph 80 of Plaintiff's Complaint.

81. Defendant Trisha Johnson denies Paragraph 81 of Plaintiff's Complaint.

82. Defendant Trisha Johnson denies Paragraph 82 of Plaintiff's Complaint.

83. Defendant Trisha Johnson denies Paragraph 83 of Plaintiff's Complaint.

84. Defendant Trisha Johnson denies Paragraph 84 of Plaintiff's Complaint.

85. In answer to Paragraph 85, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 84.

86. Defendant Trisha Johnson admits Paragraph 86 of Plaintiff's Complaint.

87. Defendant Trisha Johnson denies Paragraph 87 of Plaintiff's Complaint.

88. Defendant Trisha Johnson admits Paragraph 88 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

89. Defendant Trisha Johnson admits Paragraph 89 of Plaintiff's Complaint.

90. Defendant Trisha Johnson denies Paragraph 90 of Plaintiff's Complaint.

91. Defendant Trisha Johnson denies Paragraph 91 of Plaintiff's Complaint.

92. Defendant Trisha Johnson denies Paragraph 92 of Plaintiff's Complaint.

93. Defendant Trisha Johnson denies Paragraph 93 of Plaintiff's Complaint.

94. In answer to Paragraph 94, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 93.

95. Defendant Trisha Johnson admits Paragraph 95 of Plaintiff's Complaint.

96. Defendant Trisha Johnson denies Paragraph 96 of Plaintiff's Complaint.

97. Defendant Trisha Johnson admits Paragraph 97 of Plaintiff's Complaint.

98. Defendant Trisha Johnson denies Paragraph 98 of Plaintiff's Complaint.

99. Defendant Trisha Johnson denies Paragraph 99 of Plaintiff's Complaint.

100. Defendant Trisha Johnson denies Paragraph 100 of Plaintiff's Complaint.

101. Defendant Trisha Johnson denies Paragraph 101 of Plaintiff's Complaint.

102. Defendant Trisha Johnson denies Paragraph 102 of Plaintiff's Complaint.

103. In answer to Paragraph 103, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 102.

104. Defendant Trisha Johnson admits Paragraph 104 of Plaintiff's Complaint.

105. Defendant Trisha Johnson denies Paragraph 105 of Plaintiff's Complaint.

106. Defendant Trisha Johnson admits Paragraph 106 of Plaintiff's Complaint.

107. Defendant Trisha Johnson admits Paragraph 107 of Plaintiff's Complaint.

108. Defendant Trisha Johnson denies Paragraph 108 of Plaintiff's Complaint.

109. Defendant Trisha Johnson denies Paragraph 109 of Plaintiff's Complaint.

110. Defendant Trisha Johnson denies Paragraph 110 of Plaintiff's Complaint.

111. Defendant Trisha Johnson denies Paragraph 111 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

112. Defendant Trisha Johnson denies Paragraph 112 of Plaintiff's Complaint.

113. In answer to Paragraph 113, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 112.

114. Defendant Trisha Johnson denies Paragraph 114 of Plaintiff's Complaint.

115. Defendant Trisha Johnson denies Paragraph 115 of Plaintiff's Complaint.

116. Defendant Trisha Johnson denies Paragraph 116 of Plaintiff's Complaint.

117. Defendant Trisha Johnson denies Paragraph 117 of Plaintiff's Complaint.

118. Defendant Trisha Johnson denies Paragraph 118 of Plaintiff's Complaint.

119. Defendant Trisha Johnson denies Paragraph 119 of Plaintiff's Complaint.

120. In answer to Paragraph 120, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 119.

121. Defendant Trisha Johnson denies Paragraph 121 of Plaintiff's Complaint.

122. Defendant Trisha Johnson denies Paragraph 122 of Plaintiff's Complaint.

123. Defendant Trisha Johnson denies Paragraph 123 of Plaintiff's Complaint.

124. Defendant Trisha Johnson denies Paragraph 124 of Plaintiff's Complaint.

125. Defendant Trisha Johnson denies Paragraph 125 of Plaintiff's Complaint.

126. Defendant Trisha Johnson denies Paragraph 126 of Plaintiff's Complaint.

127. Defendant Trisha Johnson denies Paragraph 127 of Plaintiff's Complaint.

128. Defendant Trisha Johnson denies Paragraph 128 of Plaintiff's Complaint.

129. Defendant Trisha Johnson denies Paragraph 129 of Plaintiff's Complaint.

130. Defendant Trisha Johnson denies Paragraph 130 of Plaintiff's Complaint.

131. Defendant Trisha Johnson denies Paragraph 131 of Plaintiff's Complaint.

132. In answer to Paragraph 132, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

and every response to each allegation contained in paragraphs 1 through 131.

133. Defendant Trisha Johnson admits Paragraph 133 of Plaintiff's Complaint.

134. Defendant Trisha Johnson denies Paragraph 134 of Plaintiff's Complaint.

135. Defendant Trisha Johnson denies Paragraph 135 of Plaintiff's Complaint.

136. In answer to Paragraph 136, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 135.

137. Defendant Trisha Johnson denies Paragraph 137 of Plaintiff's Complaint.

138. Defendant Trisha Johnson denies Paragraph 138 of Plaintiff's Complaint.

139. Defendant Trisha Johnson denies Paragraph 139 of Plaintiff's Complaint.

140. Defendant Trisha Johnson denies Paragraph 140 of Plaintiff's Complaint.

141. Defendant Trisha Johnson denies Paragraph 141 of Plaintiff's Complaint.

142. In answer to Paragraph 142, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 141.

143. Defendant Trisha Johnson denies Paragraph 143 of Plaintiff's Complaint.

144. Defendant Trisha Johnson denies Paragraph 144 of Plaintiff's Complaint.

145. Defendant Trisha Johnson admits Paragraph 145 of Plaintiff's Complaint.

146. In answer to Paragraph 146, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 145.

147. Defendant Trisha Johnson denies Paragraph 147 of Plaintiff's Complaint.

148. Defendant Trisha Johnson admits Paragraph 148 of Plaintiff's Complaint.

149. Defendant Trisha Johnson denies Paragraph 149 of Plaintiff's Complaint.

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

150. In answer to Paragraph 150, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 149.

151. Defendant Trisha Johnson denies Paragraph 151 of Plaintiff's Complaint.

152. Defendant Trisha Johnson denies Paragraph 152 of Plaintiff's Complaint.

153. Defendant Trisha Johnson denies Paragraph 153 of Plaintiff's Complaint.

154. Defendant Trisha Johnson denies Paragraph 154 of Plaintiff's Complaint.

155. In answer to Paragraph 155, Defendant Trisha Johnson hereby repeats, repleads and incorporates by reference as though fully set forth herein each and every response to each allegation contained in paragraphs 1 through 154.

156. Defendant Trisha Johnson denies Paragraph 156 of Plaintiff's Complaint.

157. Defendant Trisha Johnson denies Paragraph 157 of Plaintiff's Complaint.

158. Defendant Trisha Johnson denies Paragraph 158 of Plaintiff's Complaint.

159. Defendant Trisha Johnson denies Paragraph 159 of Plaintiff's Complaint.

160. Defendant Trisha Johnson denies Paragraph 160 of Plaintiff's Complaint.

161. Defendant Trisha Johnson denies Paragraph 161 of Plaintiff's Complaint.

162. Defendant Trisha Johnson denies Paragraph 162 of Plaintiff's Complaint.

As separate and distinct affirmative defenses to Plaintiff's Complaint on file in this action, Defendant Trisha Johnson allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim for Relief)

1. The allegations of the Complaint fail to state facts sufficient to constitute a Claim for Relief against Defendant Trisha Johnson.

### SECOND AFFIRMATIVE DEFENSE

### (Superseding Action of Third Parties)

2. The damages alleged in each Claim for Relief were exclusively caused, or

contributed to, by the acts or omissions of other entities (whether named as Defendants, or persons or entities not named as Defendants, whether parties to this action or not, whether served or unserved) other than Defendant Trisha Johnson, and those actions or omissions by those other entities were an intervening and/or superseding cause of injuries and damages, if any, and that such superseding forces are unforeseeable independent intervening actions breaking the chain of causation and barring recovery by Plaintiff against Defendant Trisha Johnson.

### THIRD AFFIRMATIVE DEFENSE

### (Absence of Actual Causation)

3. Defendant Trisha Johnson allege that any and all damages or injuries alleged by Plaintiff were not actually caused by, and are not the result of, acts or omissions by Defendant Trisha Johnson.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Defendant Trisha Johnson alleges that performance on the alleged contracts described in Plaintiff's Complaint was waived as to duties or obligations owed by Defendant Trisha Johnson.

### FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

5. As discovery has not yet been completed, Defendant Trisha Johnson respectfully reserve their right to amend and state additional affirmative defenses that have not been plead as of this time.

////

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684

1

2                                              **PRAYER**

3      THEREFORE, Defendant Trisha Johnson pray that:

4          1.  Plaintiff take nothing by reason of its Complaint as to Defendant Trisha

5              Johnson;

6          2.  Defendant Trisha Johnson be awarded costs of suit and reasonable attorneys'

7              fees.

8          3.  For such other and further relief as the Court may deem just and proper.

9

10                                     **FRANSEN & MOLINARO, LLP**

11

12     Dated:  November 23, 2019          /s/ Nathan Fransen

                                          Nathan Fransen, Attorney for Trisha Johnson
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANSEN & MOLINARO, LLP
4160 TEMESCAL CANYON #306
CORONA, CA 92883
TEL. (951)520-9684