David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
Tel.:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff Icon Internet Media, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ICON INTERNET MEDIA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVE JOHNSON, an individual; TRISHA JOHNSON, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 8:19-cv-01579-FLA (DFMx)<br><br>Assigned to:<br>Hon. Judge Fernando L. Aenlle-Rocha, Courtroom 6B<br><br>**PLAINTIFF ICON INTERNET MEDIA, INC.'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION**<br><br>**[Filed and Served Concurrently with the Declaration of David A. Berstein, Esq., Declaration of Caroline Chavez, and (Proposed) Order]**<br><br>**Hearing**<br>**Date:**<br>**Time:**<br>**Location: Courtroom 6B** |

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that at _____ on _____, or as soon thereafter as this matter may be heard by the Honorable Fernando L. Aenlle-Rocha in Courtroom 6B of the above-entitled court, located at First Street Courthouse, 350 West 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California, Plaintiff ICON INTERNET MEDIA, INC. ("Icon") will and hereby does move this Court *ex parte* for a Temporary Restraining Order and an Order to Show Cause Regarding Issuance of Preliminary Injunction.

Icon's *Ex Parte* Application for Temporary Restraining Order and an Order to Show Cause Regarding Issuance of Preliminary Injunction is brought pursuant to Federal Rules of Civil Procedure 65 and L.R. 65-1.

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of David A. Berstein, Caroline Chavez, and Chrissy Johnson, on all papers and records in this action, and such other written or oral arguments as may be presented at or before the time this motion is take under submission by the Court.

This Application is made following the reasonable, good faith effort to orally advise all parties of the date and substance of the Application by counsel pursuant to L.R. 7-19.1, which took place on October 7, 2021 at 01:30 p.m.. (Declaration of David Berstein at ¶ 3).

Date: October 7, 2021

BERSTEIN LAW, PC

*David A. Berstein*

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff Icon Internet Media, Inc.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................1

II.  SUMMARY OF FACTS ........................................................2

    A.   DEFENDANTS' CONDUCT ALLEGED IN THE INITIAL COMPLAINT. ........2

        1.   The Intellectual Property Defendants Continue to Illegally Exploit in Order to Harm Icon and Unjustly Enrich Themselves. ................................................................2

        2.   Defendant Johnson and His Wife Disassociate from Icon in an Attempt to Profit for Themselves. ...................................4

        3.   Defendant Johnson Engages in a Series of Illegal Activities Directed at Crippling Icon's Business. ....................................4

            a.   Defendant Johnson Steals Icon's Customers through Fraudulent Representations as to the Ownership of Icon's Intellectual Property. ...............................................4

            b.   Defendant Johnson Embezzled from Icon. .........................5

            c.   Defendant Johnson Breaks-In to Icon; Steals Icon's Books, Records, and Property; and Locks the President of the Company, Non-Party Scott Johnson, Out of the Building. ...............................................................6

            d.   Defendant Johnson Accesses Icon's Computer Network and Shuts Down Icon's Business Operations. ....................7

    B.   NEW CONDUCT SINCE COMMENCEMENT OF THE ACTION. .................8

        1.   Defendant Dave Johnson's Fraudulent Misrepresentations to the U.S.P.T.O. ........................................................9

        2.   Malicious Conduct by Current Non-Parties to the Action......11

        3.   Defendants' Actions in Orange County Superior Court.........14

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

C.   **Defendants' Harmful Conduct Since the Passing of Non-Party Scott Johnson.** .......................................................14

D.   **Defendants' Attempt to Intimidate Witnesses and Counsel.** ..17

III.   **ARGUMENT** .............................................................................17

A.   **Plaintiff Icon is Likely to Succeed on the Merits.** ...................19

B.   **Plaintiff Icon Will Suffer Irreparable Harm.** .........................21

C.   **The Balance of the Hardships Tip in Plaintiff Icon's Favor.** .22

D.   **An Injunction Against Defendants is in the Public Interest.** .23

E.   **The Court Should Immediately Restrain Defendants.** ............24

F.   **There Should be no Order to Post Bond.** ...................................24

G.   **The Court Should Consider Appointment of a Receiver.** ........25

IV.   **CONCLUSION** .............................................................................26

**BERSTEIN LAW, PC**
4000 MacArthur Boulevard, Suite 600 East Tower,
Newport Beach, California 92660

# TABLE OF AUTHORITIES

## Cases

*Alliance for Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) .................................................................18

*Ayres v. City of Chicago*,
125 F. 3d 1010 ...........................................................................................22

*Bancroft-Whitney Co. v. Glenn*,
64 Cal. 2d 327 (1996) ...............................................................................20

*Components for Research, Inc. v. Isolation Products, Inc.*,
241 Cal. App. 2d 726 (1966) .....................................................................20

*Estate of Behr*,
149 Cal. App. 2d 84 (1957) .......................................................................19

*Estate of Bonaccorsi*,
69 Cal. App. 4th 462 ..................................................................................19

*Estate of Massaglia*,
38 Cal. App. 3d 767 ...................................................................................19

*League of Wilderness Defenders/Blue Mountains Biodiversity
Project v. Connaughton*, 752 F. 3d 755 (9th Cir.)....................................22,
23

*Melendres v. Arpario*,
695 F. 3d 990 .............................................................................................22

*Michigan v. United States Army Corps of Engineers*,
667 F. 3d 765 .............................................................................................21

*M.R. v. Dreyfus*,
697 F. 3d 206 .............................................................................................21

*Perfect10, Inc. v. Google, Inc.*,
653 F. 3d 976 .............................................................................................21

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

*Privitera v. California Bd. Of Med. Quality Assur.*,

926 F. 2d 890 .........................................................................21

*Ticketmaster, LLC v. RMG Techs., Inc.*,

507 F. Supp. 2d 1096 (C.D. Cal. 2007) ........................................24

*United States v. First Nat'l City Bank*,

379 U.S. 378, 85 S. Ct. 528 ........................................................23

*Winter v. Natural Resources Defense Council, Inc.*,

555 U.S. 7, 20, 129 S. Ct. 365 (2008)........................................18,

19, 21, 22, 23

## **Statutes**

California Corporations Code § 304 ............................................17

Cal. Prob. Code § 9655 .............................................................19

Fed. R. Civ. P. 65(b) .................................................................24

**BERSTEIN LAW, PC**
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF *EX PARTE* APPLICATION**

## I.   INTRODUCTION

Under no circumstances must the Court allow Defendant Dave Johnson to seize control of Plaintiff Icon Internet Media ("Icon"). In his time as an officer of the company, Defendant Dave Johnson raided corporate funds to fuel his gambling, used those same absconded funds for his own personal external "business opportunities" (usually just fronts for fraud), he failed to pay payroll taxes, and left the company stuck with a six-figure debt and facing multiple lawsuits. Since his exodus from the company, he has engaged in a number of harmful activities directed at Plaintiff Icon: (1) stealing intellectual property; (2) breaking and entering to the physical location; (3) misrepresenting to third-parties that he is Plaintiff Icon (usually in order to avoid paying a bill); (4) establishing a company to compete with Plaintiff Icon (using the stolen intellectual property reference above); (5) business identity fraud on the California Secretary of State; (6) mail fraud; and (7) bank fraud.

Now, with the death of Non-Party Scott Johnson, who was running Plaintiff Icon since Defendant Dave Johnson left the company, Defendant Dave Johnson has been attempting "backdoor" methods to try and seize control of Plaintiff Icon, knowing, that given his history, a court (and in particular this Court) would be unlikely to grant him the control he wants. Indeed, it is unlikely that if Defendant Dave Johnson believed he was righteous in the first place, he would already sought relief through this Court. However, instead, Defendant Dave Johnson, as he always has, resorts to grifting and fraud to serve his own interests, rather than the interests of Plaintiff Icon, to whom he owes fiduciary duties.

As such, the Court should grant some form injunctive relief, in keeping with that outlined below—pursuant to its inherent equitable power and the California Corporations Code section 304—and ensure that Defendant Dave Johnson does not exercise control and/or gain possession of Plaintiff Icon's operations.

BERSTEIN LAW, PC

4000 MacArthur Boulevard, Suite 600 East Tower,

Newport Beach, California 92660

**1**

**EX PARTE APPLICATION**

Such an order would be in keeping with a policy the directors of companies who engage in fraudulent and dishonest acts, along with gross abuses of authority, not be in charge of corporations and removed where necessary. Defendant Dave Johnson will not argue that he has not engaged in any of the malicious acts detailed herein (the evidence demonstrates he certainly has), rather, Defendant Dave Johnson will argue that after Non-Party Scott Johnson's death he "must be placed in charge" as the "sole director".

However, the Court is not bound by such "technicality" reasoning nor is it clear Defendant Dave Johnson remains a director of the company.

The California Corporations Code provides a mechanism for the removal of directors such as Defendant Dave Johnson and, further, the Court's equitable power allows it to prevent the clear injustice that would result if Defendant Dave Johnson were allowed to achieve his goal of being place in charge of Plaintiff Icon, where he can once again deplete its resources for his personal gain at the company's and remaining shareholder's expense. Further, Defendant Dave Johnson withdrew from Plaintiff Icon and offered to sell his shares in the company to Non-Party Scott Johnson, an offer that was accepted.

Therefore, the Court should grant a preliminary injunction maintaining the *status quo* as to the management and control of Plaintiff Icon during the pendency of this action.

## II.  SUMMARY OF FACTS

### A.  DEFENDANTS' CONDUCT ALLEGED IN THE INITIAL COMPLAINT.

#### 1.  The Intellectual Property Defendants Continue to Illegally Exploit in Order to Harm Icon and Unjustly Enrich Themselves.

Non-Party Scott Johnson and Defendant Dave Johnson ("Defendant Johnson") formed Icon, on or about October 9, 1996. (B. Decl. at ¶ 4, Ex. A – Declaration of Scott Johnson ("S. Decl.") at ¶ 3).

Icon specializes in marketing for the automotive aftermarket industry and leads the market through its exclusive use of Icon's developed and owned proprietary intellectual property called: the iConfigurator. (S. Decl. at ¶ 4 – 5).

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

The iConfigurator is a visualization software that caters to every vehicle in the automotive industry. (S. Decl. at ¶ 6). Essentially, the iConfigurator is a business-to-business tool that gives wheel and tire dealers the ability to show their customers which wheels and accessories are available for their vehicle and what the upgrades will realistically look like. (S. Decl. at ¶ 8).

Additionally, Icon developed and owns a wheel customization software or the "Wheel Builder," which allows a user to customize a wheel finish. (S. Decl. at ¶ 11).

Further, Icon offers a 360° video software, that allows users to control and rotate the customized wheel at the user's discretion. (S. Decl. at ¶ 12).

Respondent Icon owns the copyrights for the iConfigurator and the "Wheel Builder" (hereafter collectively the "Icon Copyrights"). (S. Decl. at ¶ 13 – 14).

In addition to the Icon Copyrights, Icon owns all rights, title, and interest in the "iCONFIGURATOR," and "ICONFIGURATORS" word and stylized trademarks (hereafter collectively the "Icon Trademarks"). (S. Decl. at ¶ 19).

Finally, in addition to both the Icon Copyrights and Icon Trademarks, Icon owns certain proprietary information and knowledge it considers trade secrets including but not limited to: data, drawings, models, apparatus, sketches, designs, schedules, product plans, pricing and cost information, marketing plans, revenue forecasts, technical procedures, manufacturing processes, analyses, testing results, compilations, studies, prototypes, and samples associated with Icon's business and documents and records containing such information (the "Icon Trade Secrets"). (S. Decl. at ¶ 22 – 23).

Icon securely stores it proprietary files, including the Icon Trade Secrets, at its place of business, 5140 East La Palma Avenue, Anaheim Hills, California 92807. (S. Decl. at ¶ 24).

/ / /

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

### 2. Defendant Johnson and His Wife Disassociate from Icon in an Attempt to Profit for Themselves.

On or about May 24, 2019, Defendant Johnson resigns his position as Chief Executive Officer and President of Icon, nevertheless, maintaining his ownership interest as shareholder in the company. (S. Decl. at ¶ 26).

He immediately attempts to induce Non-Party Scott Johnson to purchase his ownership interest in exchange for being released from any known or unknown liability. (S. Decl. at ¶ 26).

At the time of his resignation, Icon demands that Defendant Johnson return all Icon property in his possession, including, but not limited to, all keys, logins, passwords, and copies of the Icon Copyrights, Icon Trademarks, and/or Icon Trade Secrets. (S. Decl. at ¶ 28).

Defendant Johnson refuses to comply with this request. (S. Decl. at ¶ 29).

On or about May 27, 2019, Defendant Trisha Johnson, wife of Defendant Johnson and an employee of Icon, terminates her employment. (S. Decl. at ¶ 30).

### 3. Defendant Johnson Engages in a Series of Illegal Activities Directed at Crippling Icon's Business.

It becomes apparent Defendant Johnson intends to usurp Icon's business for himself and will not be stopped by the confines of the law. Through a course of conduct ranging from fraud to violence, to cyber theft, Defendant Johnson demonstrates his willingness to harm Icon knows no bounds.

a. Defendant Johnson Steals Icon's Customers through Fraudulent Representations as to the Ownership of Icon's Intellectual Property.

Shortly after his disassociation from Icon, Defendant Johnson began a systemic and escalating course of malicious conduct directed at harming Icon. (S. Decl. at ¶ 31).

This tortious behavior started with Defendant Johnson contacting and soliciting Icon's customers and business partners through fraudulent means. (S. Decl. at ¶ 32 – 33).

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

During these interfering solicitations, Defendant Johnson falsely represents to Icon's customers that Defendant Johnson owns the Icon Copyrights, Icon Trademarks, and Icon Trade Secrets. (S. Decl. at ¶ 32).

Defendant Johnson then induces the customers, by means of this misrepresentation regarding ownership, to cease doing business with Icon and begin doing business with him. (S. Decl. at ¶ 33).

b.   <u>Defendant Johnson Embezzled from Icon.</u>

During the same period of time Defendant Johnson actively attempts to steal Icon's customers, an accounting, performed by Icon, of recent company activity while under the control of Defendant Johnson, prior to his departure from running the company, reveals large payments made to accounts controlled by both Defendant Johnson and Defendant Trisha Johnson. (S. Decl. at ¶ 34 – 39).

The accounting also shows several checks, amounting to over ten thousand dollars ($10,000 USD) were cashed to cover a "loan," purportedly made by Defendant Trisha Johnson to Icon. (S. Decl. at ¶ 35). However, the accounting also reveals there does not exist a single receipt showing the funds were in fact expended on Icon. (S. Decl. at ¶ 35).

The accounting also reveals Defendant Johnson directed Icon's funds to pay eight thousand four hundred dollars ($8,400 USD) to a credit card in Defendant Johnson's father's name, known to be used by Defendant Johnson for personal casino trips he would take to Palm Desert. (S. Decl. at ¶ 37).

Finally, the accounting reveals, just after tendering his resignation, Defendant Johnson made a check out to himself for eleven thousand two hundred fifty-six dollars and sixty-six cents ($11,256.66 USD), which he labeled in the records "vacation pay". (S. Decl. at ¶ 38).

However, Non-Party Scott Johnson and Defendant Johnson, as the only officers of Icon, never took any vacation pay from the company (this was the first and only time any such notation was/is listed in company records, and, more importantly, was made by

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

**5**
**EX PARTE APPLICATION**

Defendant Johnson six (6) days after he tendered his resignation and had no authority to authorize any payments to anyone, let alone himself). (S. Decl. at ¶ 39).

        c.   <u>Defendant Johnson Breaks-In to Icon; Steals Icon's Books, Records, and Property; and Locks the President of the Company, Non-Party Scott Johnson, Out of the Building</u>.

Shortly thereafter his resignation, and while tortiously interfering with Icon's business, Defendant Johnson begins making demands for inspection of corporate books and records of Icon. (S. Decl. at ¶ 40).

When these demands for inspection fail, as litigation was pending between the parties and such would more properly be the subject of discovery, Defendant Johnson resorts to malicious "self-help," in order to attempt to get what he wants. (S. Decl. at ¶ 41 – 42).

On or about July 28, 2019, Icon is alerted to an alarm going off at its offices. (S. Decl. at ¶ 43).

Non-Party Scott Johnson uses his mobile phone application to access the security camera system to observe the cause of the trespass. (S. Decl. at ¶ 44). He sees Defendant Johnson and Defendant Trisha Johnson on the premises, attempting to use Defendant Johnson's security code (changed after his resignation) to freely access the building. (S. Decl. at ¶ 44).

However, not having a key is not going to stop Defendant Johnson—during this unauthorized trespass, Defendant Johnson brings with him a locksmith, whom he directs, without authorization from Icon, to change all the locks on the building. (S. Decl. at ¶ 45).

When Non-Party Scott Johnson, who must permanently make use of a wheelchair, arrives to the building, Defendant Johnson blocks his entrance. (S. Decl. at ¶ 46). Soon after, the police arrive at the scene. (S. Decl. at ¶ 46). Soon thereafter, Non-Party Chrissy Johnson (Non-Party Scott Johnson's wife), arrives at the scene. (S. Decl. at ¶ 47).

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

However, the police inform Icon they believe the matter to be a civil one and ignore Icon's attempts to press charges against Defendant Johnson for trespassing and vacate the scene. (S. Decl. at ¶ 48). After the police leave, Defendant Johnson enters Icon's accounting office, where he rummages through files and takes photographs of Icon's proprietary files including, but not limited to, Icon Trade Secrets. (S. Decl. at ¶ 49).

Non-Party Chrissy Johnson goes to the accounting office to observe Defendant Johnson's activities. (S. Decl. at ¶ 50). At this time, Defendant Johnson becomes overtly, physically hostile with Non-Party Chrissy Johnson, raising his fist to her face, shouting obscenities, and dangling the new office keys over Non-Party Chrissy Johnson's head, taunting her. (S. Decl. at ¶ 50).

At this time, Non-Party Scott Johnson, again, calls the police. Upon the police's arrival, Non-Party Scott Johnson presents the police with evidence of Defendant Johnson's disassociation from Icon and demands that the police treat Defendant Johnson as a trespasser. (S. Decl. at ¶ 51). However, again, the police inform Icon they believe this to be a civil matter; allowing Defendant Johnson to trespass, change Icon's locks, and steal its property. (S. Decl. at ¶ 51).

Having expunged all other available options and understanding, Icon is relegated to merely continue to observe and witness Defendant Johnson's wrongdoing. (S. Decl. at ¶ 52).

The next day, having had the locks forcibly changed by Defendant Johnson, Non-Party Scott Johnson must be escorted into Icon's own place of business by the property manager. (S. Decl. at ¶ 53). At this time, Icon, itself, changes the locks, preventing Defendant Johnson from once again entering illegally. (S. Decl. at ¶ 54).

        d.    <u>Defendant Johnson Accesses Icon's Computer Network and Shuts Down Icon's Business Operations</u>.

Prevented now from physically interfering with and stealing Icon's property, as a means of putting Icon out of business, Defendant Johnson trespasses digitally. (S. Decl. at ¶ 55).

On or about August 8, 2019, Defendant Johnson, utilizing the login and password information Defendant Johnson refused to turn over upon his resignation, takes control of Icon's computer network located at the domain name: www.iconfigurators.com (the "Network"). (S. Decl. at ¶ 56).

The Network is indispensable and invaluable to Icon's business operations and without it, Defendant Johnson causes Icon significant financial harm. (S. Decl. at ¶ 57).

Through the Network, Icon's customers interface with the iConfigurator itself, thus, without this being operational for the time it took for Icon to get a new network up and running, Icon was unable to provide contracted for services. (S. Decl. at ¶ 58 – 59).

Presently, Defendant Johnson remains in possession of the Network and, thus, continues to deprive Icon of its property. However, it was not until recently that Defendant Johnson, inadvertently, revealed how he intended to illegally profit further from Icon's property.

**B.   NEW CONDUCT SINCE COMMENCEMENT OF THE ACTION.**

Although not known at the time, Icon later learns Defendant Dave Johnson, almost immediately upon his resignation as President of Icon, begins to undermine and harm his former company.

On August 15, 2019, Icon brings this action against Defendant Dave Johnson and his wife, Defendant Trisha Johnson, who aids him in his harming Icon. (B. Decl. at ¶ 6). The next day, Icon sends Rule 4 Waivers to Defendant Dave Johnson and Defendant Trisha Johnson's representation at the time, Attorney Doug Frymer, Esq.. (B. Decl. at ¶ 7). The Rule 4 Waivers go unresponded to for several weeks, until Attorney Frymer informs Icon he will not represent Defendant Dave Johnson and Defendant Trisha Johnson in litigation. (B. Decl. at ¶ 8).

On October 10, 2019, Attorney Nathan Fransen, Esq., of Fransen & Molinaro, LLP (Defendants' current counsel of record) sends correspondence to Icon. (B. Decl. at ¶ 9). This correspondence attempts to circumvent the discovery process in the action by

demanding the inspection of corporate records, pursuant to the California Corporations Code. (B. Decl. at ¶ 10).

Attorney Fransen titles this correspondence with a reference to the matter before this Court. (B. Decl. at ¶ 11). This reference makes clear Attorney Fransen's awareness of the pending action, yet, he makes no mention of it in his correspondence, nor does he indicate whether or not Defendant Dave Johnson and Defendant Trisha Johnson intend to appear. (B. Decl. at ¶ 12).

Icon pays no mind, at the time, that the law offices of Fransen & Molinaro, LLP are located at 4160 Temescal Canyon Road, Suite 306, Corona, California 92883. (B. Decl. at ¶ 13). However, now, Icon recognizes the significance. (B. Decl. at ¶ 14).

Again, since Attorney Fransen makes no mention of Defendant Dave Johnson and Defendant Trisha Johnson's intent to appear, Icon sends further Rule 4 Waiver documents to Attorney Fransen, on October 11, 2019. (B. Decl. at ¶ 15). Defendant Dave Johnson and Defendant Trisha Johnson execute Rule 4 Waivers, on October 16, 2019. (B. Decl. at ¶ 16).

Not long after, Icon learns that Defendant Dave Johnson, on July 11, 2019, two (2) months after his resignation of C.E.O. and President of Icon, filed an application for Federal trademark registration of the trademark "iconfigurators" (Application Serial No. 88508771) (the "'771 Application"). (B. Decl. at ¶ 17). The iconfigurator is the name of the computer application which is the subject of Icon's Copyright Infringement claims against Defendants. *Id*. And, "iconfigurator" is the trademark used in commerce associated with the computer application and the subject of Icon's Trademark Infringement claims against Defendants, for use of the Icon Trademarks. *Id*.

### 1. Defendant Dave Johnson's Fraudulent Misrepresentations to the U.S.P.T.O.

Defendant Dave Johnson makes fraudulent misrepresentations to the United States Patent and Trademark Office ("U.S.P.T.O") in order to obtain trademark registration of

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

Icon's Icon Trademarks in order to exert leverage over Icon and trick its customers into believing that Defendant Dave Johnson is Icon.

When Defendant Dave Johnson files the '771 Application he does so by misrepresenting that he, in his personal capacity, is the owner of the "iconfigurators" trademark—not Icon. (B. Decl. at ¶ 18).  Further, in order to obtain the registration, Defendant Dave Johnson submits a false specimen of a website (located at the domain name www.iconfigurators.com), which Defendant Dave Johnson, at the time, used to induce customers to pay him, rather, than Icon, by deceiving them into thinking he was Icon (the likely genesis of this "scam" will become clearer below). (B. Decl. at ¶ 19).

The U.S.P.T.O. issues Defendant Dave Johnson a trademark registration on January 21, 2020 (Registration No. 5966464). (B. Decl. at ¶ 20).  Once Icon becomes aware of the Registration, it institutes Cancellation Proceedings against Defendant Dave Johnson in the Trademark Trial and Appeal Board ("T.T.A.B."). (B. Decl. at ¶ 21).  As such, Icon sought cancellation on three (3) theories, including that Defendant Dave Johnson committed fraud on the U.S.P.T.O to obtain registration by misrepresenting his ownership and submitting a false specimen. (B. Decl. at ¶ 22).

On January 15, 2021, Defendant Dave Johnson submits his answer in the Cancellation Proceedings, along with a supporting declaration. In this declaration, Defendant Dave Johnson admits to his misrepresentations to the U.S.P.T.O., and attempts to justify his actions by laying blame on Non-Party Scott Johnson. (B. Decl. at ¶ 23).

However, Defendant Dave Johnson's declarations do not square with the actions he has taken. (B. Decl. at ¶ 24).

Specifically, Defendant Dave Johnson states in his declaration that although he recognized he resigned as an officer of the company, he had filed the Application and sought registration to "protect" Icon's rights. (B. Decl. at ¶ 25).

This excuse fails to hold water and is entirely inconsistent with the facts, as, if Defendant Dave Johnson was—as he now represents—attempting to benefit Icon, then what caused him to:

**BERSTEIN LAW, PC**
4000 MacArthur Boulevard, Suite 600 East Tower,
Newport Beach, California 92660

(1)     state he, as an individual, in his personal capacity, was the owner of the trademark;

(2)     use his personal address, rather than Icon's business address;

(3)     use a misleading email address to make it look like he was Icon;

(4)     submit a specimen of a website he was using to infringe on Icon's trademarks, copyrights, and trade secrets; and

(5)     surreptitiously take these actions without any notification to Icon. (B. Decl. at ¶ 26)?

In the Cancellation Proceedings, Icon has requested, on a non-dispositive motion, that the T.T.A.B. act *sua sponte*, based on Defendant Dave Johnson's declaration, to dismiss the action in Icon's favor[1]. (B. Decl. at ¶ 27).

### 2.   Malicious Conduct by Current Non-Parties to the Action[2].

New facts arise that implicate two (2) new parties in the infringement by Defendant Johnson and Defendant Trisha Johnson. (B. Decl. at ¶ 28). Also, rather disturbingly, these new facts implicate Defendants' Counsel, Attorney Fransen, and his firm, Fransen & Molinaro, in the infringement and damaging conduct of Defendants. (B. Decl. at ¶ 29).

On February 3, 2021, Icon loses its biggest customer, Discount Tires/America's Tires, to a new company it has never heard of: AutoSync. (B. Decl. at ¶ 30).

Discount Tires/America's Tires generated over two hundred ten thousand dollars ($210,000 USD) annually for Icon, as such Icon inquired into who exactly is AutoSync and is told it is associated with Defendant Dave Johnson. (B. Decl. at ¶ 31).

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

---

[1] Should the T.T.A.B. not dismiss on its own motion, giving the material admissions of Defendant Johnson, Icon intends to move forward with a summary judgment motion in those proceedings.

[2] Plaintiff Icon has submitted a Motion for Leave to Amend, based on the facts outlined in this section, to add the Non-Parties identified in this section.

AutoSync is formed on November 1, 2019 (approximately two (2) weeks after execution of Rule 4 Waivers by Defendants John and Defendant Trisha Johnson). (B. Decl. at ¶ 32). The Articles of Incorporation list Attorney Fransen, as an individual, as the Agent for Service of Process for AutoSync and list his firm's address, "4160 Temescal Canyon Road, Suite 306, Corona, California 92883." (hereafter the "Temescal Canyon Address"), as the location. (B. Decl. at ¶ 33).

The Temescal Canyon Address is also listed as AutoSync's initial street address for incorporation and, in AutoSync's April 13, 2020 Statement of Information as:

> (a) AutoSync's street address for its Principal Office;
>
> (b) AutoSync's mailing address; and
>
> (c) AutoSync's street address for its Principal Executive Office.
>
> (B. Decl. at ¶ 36).

Further, the Statement of Information lists only one individual, Sergiu Anca, as:

> (a) Chief Executive Office;
>
> (b) Secretary;
>
> (c) Chief Financial Officer; and
>
> (d) the sole Director. *Id*.

Sergiu Anca's address is listed, in all instances, as the Temescal Canyon Address. (B. Decl. at ¶ 37).

In or about 2012, Sergiu Anca was sued by his partner at the time, Frank Hodges, for conceiving and executing a fraudulent scheme to steal from their wheel company by secretly selling custom wheels directly to purchasers, by passing his partner and his company, and altering the records of the company to cover up the loss of inventory without revenue (Orange County Superior Court Case No. 30-2012-00582418-CU-CO-CJC). (B. Decl. at ¶ 38).

Additionally, in or about this same time, in 2012, Sergiu Anca was sued by the Lexani Wheel Corporation for: (1) trademark infringement; (2) false designation or origin; (3) unfair competition; (4) trademark dilution; and (5) injury to business

reputation, related to a fraudulent scheme whereby Sergiu Anca was passing himself off as the Lexani Wheel Corporation (United States District Court for the Central District of California Case No. 8:12-cv-01515-JLS-MLG). (B. Decl. at ¶ 39).

AutoSync maintains a website at the domain name www.autosyncorp.com. (B. Decl. at ¶ 36). However, this website is not accessible to the general public and requires "Client Login" information that, presumably, is received from AutoSync upon a potential customer's request. (B. Decl. at ¶ 40). Nevertheless, either by undiscernible design and/or oversight, AutoSync maintains an "alternative" website at the domain name autosyncstudio.com, which is accessible by the general public. (B. Decl. at ¶ 41).

Upon viewing the website accessible at the domain name autosyncstudio.com, it becomes clear AutoSync offers a visual wheel and pairing studio—equally clearly— making use of Icon's copyrighted computer application (the Icon Copyrights) and trade secrets the Icon Trade Secrets). (B. Decl. at ¶ 42). Further, the website located at autosyncstudio.com, lists the Temescal Canyon Address at AutoSync's address. (B. Decl. at ¶ 43).

Again, Attorney Fransen's firm, Fransen & Molinaro, LLP is located at the Temescal Canyon Address. (B. Decl. at ¶ 44).

Finally, in or about August of 2014, Attorney Fransen represented Sergiu Anca against Defendant Dave Johnson in a dispute over artwork allegedly improperly obtained and/or retained by Defendant Dave Johnson. (B. Decl. at ¶ 45). At that time, in response to Attorney Fransen's demand for the return of the property to Sergiu Anca, Defendant Dave Johnson reached out directly to Sergiu Anca personally. (B. Decl. at ¶ 46). It is clear from their communications, Defendant Dave Johnson and Sergiu Anca have a personal relationship. (B. Decl. at ¶ 47).

Thus, the facts demonstrate a *prima facie* showing that AutoSync, by and through Sergiu Anca—as a "strawman," at best in terms of liability for Sergiu Anca—has been established by Attorney Fransen, through and located at his firm, Fransen & Molinaro, where it operates in order that Defendant Dave Johnson and Defendant Trisha Johnson

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

can continue to infringe upon the rights and interfere with and siphon off Icon's customers. (B. Decl. at ¶ 48).

### 3.   Defendants' Actions in Orange County Superior Court.

Further, on November 20, 2020, Defendant Dave Johnson, by and through Attorney Fransen and Fransen & Molinaro, LLP, filed a Petition of Shareholder and Board Member for Appointment of Provisional Director, pursuant to California Corporations Code § 308. (B. Decl. at ¶ 49). In doing so, Defendant Dave Johnson, much as Attorney Fransen did when initially demanding inspection, attempted to circumvent this Court's jurisdiction over these parties and their dispute. *Id*.

The Orange County Superior Court denied Defendant Dave Johnson's Petition. (B. Decl. at ¶ 50).

### C.   DEFENDANTS' HARMFUL CONDUCT SINCE THE PASSING OF NON-PARTY SCOTT JOHNSON.

Non-Party Scott Johnson passed away, suddenly and without warning, on August 20, 2021. Since his passing, Non-Party Chrissy Johnson, who had previously been appointed to help Non-Party Scott Johnson run Icon, has, on her own, maintained Icon's operations. In doing so, Non-Party Chrissy Johnson has: (1) uncovered even more illegal conduct by Defendant Dave Johnson, perpetrated by him while running Icon into the ground and (2) thwarted repeated attempts by Defendant Dave Johnson to improperly seize possession and control of Icon, by his attempts to circumvent this Court's jurisdiction over the parties.

Indeed, since Non-Party Scott Johnson's passing an employee of Icon, Caroline Chavez, has come forward with first-hand knowledge that:

> (1)   Defendant Dave Johnson, along with his wife Defendant Trisha Johnson, abuse Icon for his own personal gain and enjoyment, while mismanaging the company, driving it into debt, and failing to pay taxes; and

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

(2)     Non-Party Scott Johnson, with the help of his wife, Non-Party Chrissy Johnson, worked to repair the damage caused by Defendant Dave Johnson's "management" and pull the company out of debt. (Declaration of Caroline Chavez ("Chavez Decl.") at ¶ 6).

In her time working for Defendant Dave Johnson (while he ran Icon), Chavez witnessed him write checks from Plaintiff Icon's bank accounts and deposit them into the account of another company Defendant Dave Johnson set up—Meridian Wellness, LLC. Defendant Dave Johnson would then withdraw the money of Plaintiff Icon, that he placed in the Meridian Wellness account, through various casino ATMs, most often the Agua Caliente Resort Casino Spa Rancho Mirage. Defendant Dave Johnson raided Plaintiff Icon's bank accounts in this fashion, on a regular basis, from at least 2012 through 2015. (Chavez Decl. at ¶ 7).

Worse than simply just taking Icon's money to fuel his gambling, Defendant Dave Johnson on multiple occasions, so that there would be funds for his improper activities, ordered Chavez to <u>withhold paying Plaintiff Icon's employees</u>. (Chavez Decl. at ¶ 8). Additionally, Defendant Dave Johnson ordered Chavez to deposit Icon monies, into his wife, Defendant Trisha Johnson's, personal bank account, in order that they could spend the money on their vacation. (Chavez Decl. at ¶ 9). Meanwhile, Chavez had to withhold employee pay checks because there was not enough money in the account to pay them. (Chavez Decl. at ¶ 10).

From 2016 to 2018, Defendant Dave Johnson made further non-business related withdrawals instead of paying employee benefits, such as payroll taxes. (Chavez Decl. at ¶ 11). As such, Plaintiff Icon was forced to enter into an Installment Agreement with the Internal Revenue Service to pay all owed taxes, along with penalties and interest. (Chavez Decl. at ¶ 12).

After Defendant Dave Johnson resigned as an Officer and Director of Icon, Non-Party Scott Johnson and Non-Party Chrissy Johnson ensured this debt was paid and were successful in restoring Icon's financial health. (Chavez Decl. at ¶ 13).

Finally, after Defendant Dave Johnson resigned from Icon, it was discovered that he was stealing Plaintiff Icon's customers' intellectual property and using it for Icon's website/advertising. (Chavez Decl. at ¶ 14). Once Non-Party Scott Johnson and Non-Party Chrissy Johnson were in charge of Icon (after Defendant Dave Johnson's resignation) they removed the infringing content and took corrective action to remedy those customers' harm to avoid further lawsuits for Defendant Dave Johnson's action. (Chavez Decl. at ¶ 15).

Since the passing of Non-Party Scott Johnson, Non-Party Chrissy Johnson has worked tirelessly to keep Plaintiff Icon running as smoothly as possible. (Chavez Decl. at ¶ 16). However, <u>since the day after Non-Party Scott Johnson, her husband's, passing</u>, Defendant Dave Johnson relentlessly has tried to harm Plaintiff Icon and take control by improper means. (Chavez Decl. at ¶ 17).

On or about August 31, 2021, Defendant Trisha Johnson falsely represented to the Hartford Insurance Group that she was the "employer" of the employees of Plaintiff Icon and attempted to make a claim on the policy. (Chavez Decl. at ¶ 18).

Not long after, on or about September 3, 2021 and September 28, 2021, Defendant Dave Johnson contacted Union Bank of California and Bank of Southern California. (Chavez Decl. at ¶ 19).

Defendant Dave Johnson misrepresented to those Banks that he was the owner of Plaintiff Icon and attempted to gain control of the Icon operating accounts. (Chavez Decl. at ¶ 20).

While the banks would not turn over control of the accounts to Defendant Dave Johnson, and thus Defendant Dave Johnson was prevented from withdrawing Plaintiff Icon's funds, because of the confusion cause by Defendant Dave Johnson's

misrepresentations, the Banks froze the operating accounts making it impossible for Plaintiff Icon to pay its employees and/or bills. (Chavez Decl. at ¶ 21).

Further, Defendant Dave Johnson went to the United States Postal Service and had them put a hold on Plaintiff Icon's mail delivery, causing Plaintiff Icon to not receive important bills and invoicing. (Chavez Decl. at ¶ 22).

Meanwhile, Non-Party Chrissy Johnson made sure that employees were paid through her personal bank account and made arrangements with the Banks and the Postal Service to prevent Defendant Dave Johnson from making further false misrepresentations and creating further operating problems for Plaintiff Icon. (All, mere days after her husband's sudden passing). (Chavez Decl. at ¶ 23).

### D. DEFENDANTS' ATTEMPTS TO INTIMIDATE WITNESSES AND COUNSEL.

Finally—in an effort to intimidate Ms. Caroline Chavez, Attorney David Berstein, Attorney J. R. Dimuzio, and Counsel of Record for Plaintiff Icon from bring this Application to stop Defendant Dave Johnson from continuing this course of fraudulent self-help, rather than seeking relief through this Court—Defendant Dave Johnson filed a Complaint (again in Orange County Superior Court, rather than bring the issue before this Court) against the individuals named above, representing himself to that Court to act on behalf of Plaintiff Icon (Orange County Superior Court Case No. 30-2021-01224647-CU-PN-NJC). (B. Decl. at ¶ 62).

## III. ARGUMENT

California Corporations Code § 304 states:

> The superior court of the proper county may, at the suit of shareholders holding at least 10 percent of the number of outstanding shares of any class, remove from office any director in case of fraudulent or dishonest acts or gross abuse of authority or discretion with reference to the corporation and may bar from reelection any director so removed for a period

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

prescribed by the Court. The corporation shall be made a party

such action.

Given the repeated and egregiousness nature of Defendant Dave Johnson's past and present conduct, the Court should issue preliminary injunctive relief to both bar Defendant Dave Johnson from making any claim to control of Plaintiff Icon, as well as deter him from taking any further action to obtain possession and control of Plaintiff Icon through means other than through this Court.

A party seeking preliminary injunctive relief must establish:

> (1)   That they are likely to succeed on the merits;
>
> (2)   That they are likely to suffer irreparable harm in the absence of preliminary relief;
>
> (3)   That the balance of equities tips in their favor; and
>
> (4)   That an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).

Alternatively, courts have applied the "sliding scale" test, allowing preliminary injunctive relief upon a showing of either:

> (1)   a combination of probable success on the merits and the possibility of irreparable injury if injunctive relief is denied; or
>
> (2)   the likelihood of success was such that "serious questions going to the merits were raised and the balance of hardships tipped sharply inn the [moving party's] favor". See *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 – 1132 (9th Cir. 2011).

The advantage of the "sliding scale" test is that it provides flexibility; the court can "balance" the requirements for a preliminary injunction "so that a stronger showing of one element may offset a weaker showing of another". *Id*. at 1131.

Here, under application of either test, injunctive relief should be granted.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

**A.      PLAINTIFF ICON IS LIKELY TO SUCCEED ON THE MERITS.**

Regardless of what formulation is applied, to obtain preliminary injunctive relief, the moving party most show that they are "likely" to prevail on the merits. *Winter*, 555 U.S. at 20.

In Plaintiff Icon's Complaint, they seek relief against Defendant Dave Johnson for: (1) usurping corporation opportunities, (2) brokering those corporate opportunities to and in favor of himself and co-defendants; and (3) placing his interest in conflict with the interest of Plaintiff Icon. See Compl. at ¶ 134 (Dkt. No. 1).

It is true that the death of a shareholder does interrupt the independent legal existence of a corporation—it continues to run through the action of its directors, officers, and managers. *Estate of Massaglia*, 38 Cal. App. 3d 767, 778 – 779.

However, a personal representative has the power, without prior court approval, to do any of the following with regard to decedent's shares of stock in a domestic corporation:

(1)      Vote in person and give proxies to exercise any voting rights with respect to the shares, membership, or other property;

(2)      Waive notice of a shareholder meeting or consent to holding of the meeting; and/or

(3)      Authorize, notify, approve or confirm any action which could be taken by shareholders, members, or property owners. Cal. Prob. Code § 9655.

The estate representative's conduct with respect to the corporation is subject to judicial scrutiny—they must act with the same degree of care that a prudent shareholder would. *Estate of Behr*, 149 Cal. App. 2d 84, 86 (1957). When the estate owns a controlling corporate interest, a relatively high measure of responsibility may be assigned to the estate representative. *Estate of Bonaccorsi*, 69 Cal. App. 4th 462, 468.

> "[P]ublic policy…has established a rule that demands of a corporate officer or director…the most scrupulous observance of his duty…to <u>refrain</u> from doing anything that would work injury to the corporation, or to deprive it of profit of advantage which his skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers." *Bancroft-Whitney Co. v. Glenn*, 64 Cal. 2d 327, 345 (1996) (emphasis added; internal quotes omitted).

A conflict of interest exists where an officer or director competes directly with a corporation they are supposedly serving, such acts are actionable as breaches of fiduciary duty and unfair competition:

(1)   Using trade secrets or other intellectual property belonging to the corporation to start a new business (*Components for Research, Inc. v. Isolation Products, Inc.*, 241 Cal. App. 2d 726, 729 (1966));

(2)   Usurping corporation's goodwill by entertaining, at its expense, prospective customers who are then solicited to do business with officer's own, competing company (*Bancroft-Whitney, Co.*, 64 Cal. 2d at 347).

Here, although with the death of non-party Scott Johnson, the only officer of Plaintiff Icon has passed, non-party Chrissy Johnson, as his only heir, becomes the personal representative of his estate (and the party who will inherit non-party Scott Johnson's shares in Plaintiff Icon). As such, non-party Chrissy Johnson holds the authority to authorize, ratify, approve, or confirm any action which could have been taken by non-party Scott Johnson. Therefore, non-party Chrissy Johnson can ratify/confirm Plaintiff Icon's maintenance of this suit against Defendant Dave Johnson (and his co-defendants).

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

Indeed, given that non-party Chrissy Johnson holds a duty to act as prudent shareholder would—taking into account Defendant Johnson's conflicts of interest—it would be a violation of her duty not to maintain this action.

Defendant Dave Johnson—daily—acts with the intent to injure Plaintiff Icon. The evidence already submitted here (and on Plaintiff Icon's Motion for Leave to Amend, Docket Document No. 44, *et seq.*) demonstrates convincingly that Defendant Dave Johnson conspires with his Co-Defendants to use stolen intellectual property of Plaintiff Icon to induce customers to leave Plaintiff Icon for Defendant Dave Johnson's own competing businesses. Those actions, often facilitated through fraudulent misrepresentations to third-parties, has already resulted in: (1) significant lost profits to Plaintiff Icon and (2) the improper naming of Plaintiff Icon in multiple lawsuits based—solely—on Defendant Dave Johnson's fraudulent conduct.

## B. PLAINTIFF ICON WILL SUFFER IRREPARABLE HARM.

A moving party seeking preliminary relief must demonstrate that irreparable injury is likely in absence of an injunction. *Winter*, 555 U.S. at 22. The moving party must show "sufficient casual connection" between the alleged injury and the conduct sought to be enjoined such that the injunction would effectively minimize the risk of injury. *Perfect10, Inc. v. Google, Inc.*, 653 F. 3d 976, 982. However, the action to be enjoined need not be the exclusive cause of injury so long as it inflicts "cognizable irreparable injury" sufficient to support injunction. *M.R. v. Dreyfus*, 697 F. 3d 206, 728 – 729.

While the threatened harm must be "immediate," the fact that the threatened harm may not happen for several months is not reason, but itself, to deny preliminary injunction. *Privitera v. California Bd. Of Med. Quality Assur.*, 926 F. 2d 890, 897. "[T]he alleged harm need not be occurring or be certain to occur" before a court can grant preliminary injunction. *Michigan v. United States Army Corps of Engineers*, 667 F. 3d 765, 788.

Here, if Defendants Dave and Trisha Johnson are allowed to continue their behavior untouched, Plaintiff Icon will suffer injury which will be unaddressable.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

Defendants Dave and Trisha Johnson have demonstrated an unfaltering disrespect for the law and propensity to harm Plaintiff Icon for their own benefit. Even for the moment placing to the side their past deplorable conduct, since Non-Party Scott Johnson's passing away, Defendants Dave and Trisha Johnson threaten to seize control of Plaintiff Icon's bank accounts and dismiss Plaintiff Icon's lawsuit against Defendants Dave and Trisha Johnson.

The injury to Plaintiff Icon if Defendants Dave and Trisha Johnson are allowed to seize control cannot accurately be measured and/or adequately compensated for. Certainly, if the lawsuit against them were to be dismissed under Defendants Dave and Trisha Johnson's control of Plaintiff Icon, then Plaintiff Icon would be able to receive redress for the harm they themselves have caused the company.

## C. THE BALANCE OF THE HARDSHIPS TIP IN PLAINTIFF ICON'S FAVOR.

Before a preliminary injunction may issue, a court must identify the harm that a preliminary injunction might cause the defendant and weigh it against the plaintiff's threated injury. *Winter*, 555 U.S. at 24. Where the harm likely to be suffered by defendant substantially outweighs any injury threatened by defendant's conduct, plaintiff must make a strong showing of likely success on the merits. *Melendres v. Arpario*, 695 F. 3d 990, 1002—defendants cannot be harmed by order enjoining an act they claim they do not intend to take. Conversely, "a plaintiff who does not have a very high probability of ultimately prevailing will be entitled to preliminary relief if he faces very great irreparable harm and the defendant very little". *Ayres v. City of Chicago*, 125 F. 3d 1010, 1013.

The balance of hardships will generally tip in plaintiff's favor if the harm plaintiff faces without an injunction is permanent while the harm defendant faces if an injunction is granted is temporary. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F. 3d 755, 765 (9th Cir.).

Here, the balance of the hardships tips sharply in Plaintiff Icon's favor, as the harm Plaintiff Icon will face is permanent, while any purported harm to Defendants Dave and Trisha Johnson would be temporary. If Defendant Dave and Trisha Johnson are allowed

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

to seize control of Plaintiff Icon, then they will dismiss this action, as well as the U.S.P.T.O. action against them—thus, permanently preventing Plaintiff Icon from obtaining the relief for the harm Defendants Dave and Trisha Johnson have cause the company. As such, any purported harm to Defendants Dave and Trisha Johnson does not substantially outweigh the injury they threated to Plaintiff Icon. Conversely, Plaintiff Icon's potential harm if injunction is not granted is significant, permanent, and irreparable.

### D.   AN INJUNCTION AGAINST DEFENDANTS IS IN THE PUBLIC INTEREST.

Courts of equity "pay particular regard for the public consequences in employing the extraordinary remedy of injunction". *Winter*, 555 U.S. at 24. This "public interest" inquiry generally addresses the impact upon nonparties of granting or withholding injunctive relief. *Connaughton*, 752 F. 3d at 766. "Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interest are involved." *United States v. First Nat'l City Bank*, 379 U.S. 378, 383, 85 S. Ct. 528, 531 (internal quotes omitted).

Here, the public interests are not neutral and favor granting of injunctive relief. Defendant Dave Johnson is a defendant in at least two (2) other lawsuits by third-parties. Additionally, Plaintiff Icon has been named in these other lawsuits (improperly) as a co-defendant, due to Defendant Dave Johnson's fraudulent misrepresentations. If injunctive relief is not granted and Defendant Dave and Trisha Johnson are allowed to seize control, then these third-parties lawsuits will be negatively impacted. Currently, Plaintiff Icon has been involved in settlement communications of these third-parties' claims against Plaintiff Icon. Such discussion have centered around Plaintiff Icon providing to these third-parties testimony and evidence of Defendant Dave Johnson's fraudulent misrepresentations to them. Should Defendant Dave Johnson be allowed to take control of Plaintiff Icon, it would likely result in Plaintiff Icon having to no longer aid the third-parties in their litigation of Defendant Dave Johnson—negatively impacting their cases (additionally, such would also irreparably harm Plaintiff Icon who, rather than settling

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

out of these actions, will now have to face suit, despite only being party due to the misrepresentations of Defendant Dave Johnson).

### E.   THIS COURT SHOULD IMMEDIATELY RESTRAIN DEFENDANTS.

In addition to describing the requirement for entry of a preliminary injunction, Federal Rule of Civil Procedure 65 permits issuance of an *ex parte* temporary restraining order when necessary to prevent "immediate and irreparable injury, loss or damage". Fed. R. Civ. P. 65(b). Plaintiff Icon has shown immediate and irreparable injury will result from Defendant Dave and Trisha Johnson's conduct, as described above.

Defendants Dave and Trisha Johnson have, once again, launched into a campaign of improper "self-help" to attempt to accomplish their goals. Every day that Defendant Dave and Trisha Johnson are allowed to continue their efforts to seize control of Plaintiff Icon they further pose an immediate risk to Plaintiff Icon's corporate wellbeing and goodwill. It is respectfully submitted that an immediate temporary restraining order should be entered pending a hearing on Plaintiff Icon's application for preliminary injunctive relief.

### F.   THERE SHOULD BE NO ORDER TO POST BOND.

Plaintiff Icon has complied with Federal Rule of Civil Procedure 65 for issuance of an *ex parte* TRO and an Order to Show Cause why a preliminary injunction should not issue. Plaintiff Icon has submitted evidence showing the company will be irreparably harmed without an order restraining Defendant Dave and Trisha from any further improper efforts to seize control of Plaintiff Icon.

Rule 65(c) provides that a bond be posted "in an amount that the court consider proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained". Such bond "may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success". *Ticketmaster, LLC v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007).

This Court should deem a bond unnecessary. However, should this Court determine that Plaintiff Icon must post a bond to comply with the statute, a minimal bond should be sufficient. As discussed above, Defendants Dave and Trisha Johnson do not seek control for any legitimate reason, but only to avoid the company's suit against them and then reignite their looking of Plaintiff Icon's funds. Accordingly, Plaintiff Icon proposes that if a bond is necessary, it be set in the amount of $1,000,000.

### G.   THE COURT SHOULD CONSIDER APPOINTMENT OF A RECEIVER.

The Court, in this instance, should consider the appointment of a receiver, or a similar form of a relief, to further Plaintiff Icon—that is, if the Court deems the current management to be incapable of doing so in the shareholders best interests. However, Plaintiff Icon contends that present management of the company is best suited to continue operations.

Prior to Defendant Dave Johnson's resignation from the company, he had driven the company into debt, looted the bank accounts for his own personal use, and made fraudulent misrepresentations that subjected Plaintiff Icon to multiple lawsuits in multiple states. In contrast, under current management, Plaintiff Icon has paid-off almost all debt accumulated through Defendant Dave Johnson's management, replenished the bank accounts previously drained by Defendant Dave Johnson, and positioned itself near to settlement in those litigations by providing those plaintiffs material supporting their claims against Defendant Dave Johnson.

While Federal Rule of Civil Procedure 66 empowers the Court to appoint receivers under certain circumstances, if the Court deems such, or like, relief necessary under these circumstances, then such should be limited to narrow lists of duties dedicated only to ensuring that value of the company is being maintained. Any more than this would risk disturbing the status quo of Plaintiff Icon, which has been steadily correcting the deficiencies created by Defendant Dave Johnson—all while mitigating the continued harm Defendants Dave and Trisha Johnson continue to create.

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660

**IV.    CONCLUSION**

For the foregoing reasons, Icon respectfully requests this Court grant Icon's *Ex Parte* Application.

Date: October 7, 2021                              BERSTEIN LAW, PC

*David A. Berstein*

David A. Berstein
J.R. Dimuzio
Attorneys for Plaintiff Icon Internet Media, Inc.

## <u>DECLARATION OF ELECTRONIC SERVICE</u>

**Central District of California Case No. 8:19-CV-01579-FLA-DFMx**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5-3.2.1, which provides: "Upon the electronic filing of a document, a 'Notice of Electronic Filing' ("NEF") will be automatically generated by the CM/ECF system and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R. Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served".

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on <u>October 7, 2021</u> at Newport Beach, California.

By: <u>David A. Berstein</u>

David A. Berstein

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER,
NEWPORT BEACH, CALIFORNIA 92660